MARY E. CRANE & others *vs.* INHABITANTS OF HYDE PARK.

Norfolk.   March 7. — May 7, 1883.   DEVENS & W. ALLEN, JJ., absent.

Land was conveyed to a school district, in 1804, by a deed containing the following provisions : " The said land to be held by said district for the purpose of building a schoolhouse thereon, and to be improved for the benefit of schools, and for no other use; and when said district shall cease to improve the said land for the purposes aforesaid, for two years in succession, then the said land shall revert back to " the grantor.   The district soon afterwards built a schoolhouse on the land; and, upon the abolition of the school district in the town, the title of said district passed to the town.   A school was kept in the schoolhouse by the district and the town from the time the schoolhouse was built until 1872. After that, no school was kept there, the scholars having been transferred to another schoolhouse where they could be graded.   The land and schoolhouse were not taxed to any one, but were always treated by the town and school committee as a part of the school property of the town.   In 1881, under a vote of the school committee, a new fence was built around the land; the schoolhouse and fence have since remained, and the land has never been used for any other purpose.   *Held,* on a writ of entry, brought in 1881, by the grantor against the town, that there was no breach of the condition of the deed, or forfeiture of the estate.

MORTON, C. J.   This is a writ of entry, dated May 23, 1881. The demandants are the heirs at law of Lemuel Crane.   In 1804 said Crane conveyed the land in controversy, being a small lot containing about fourteen square rods, to the Fifth School District of Dorchester, by a deed containing the following provisions : " The said land to be held by said district for the purpose of building a schoolhouse thereon, and to be improved for the benefit of schools, and for no other use ; and when said district shall cease to improve the said land for the purposes aforesaid, for two years in succession, then the said land shall revert back to me, the grantor, or my heirs, executors, administrators or assigns, and be fully vested in me or them forever ; and the said district shall have full liberty to remove and take away all

the buildings thereon standing, if done within one year after the said land is vested as aforesaid."

Assuming that this deed conveyed an estate defeasible upon a condition subsequent, the question is, whether the demandants have shown that the tenant has forfeited its estate by a breach of the conditions of the deed. The material facts are as follows: Soon after the deed was given, the Fifth District of Dorchester built a schoolhouse upon the land. Upon the abolition of the school district system in the town of Dorchester, the title of said Fifth District passed to that town; and, upon the formation of the town of Hyde Park, said town of Hyde Park acquired title to the land and the building thereon by virtue of its act of incorporation. St. 1868, c. 139, § 4. A school was kept in the schoolhouse, by the district and by the towns of Dorchester and of Hyde Park, from the time the schoolhouse was built until the year 1872. Since then no school has been kept there, the scholars having been then transferred to another schoolhouse where they could be graded. But the town and school committee have always treated this lot and schoolhouse as a part of the school property of the town; it has never been taxed to any one; it has always stood upon the records of the town as a part of the school property, and the value thereof included in the returns made to the Commonwealth of the amount of school property in said town. In 1881, under a vote of the school committee, a new fence was put around the lot; the schoolhouse and fence remain to this time, and the lot has never been used for any other purpose. There has been no vote of the town or school committee in regard to the lot, except the one above named for rebuilding the fence, " but it has been in the minds of different members of the school committee to hold said property with the intention of establishing a primary school in said schoolhouse whenever the increasing demands of the town should require it."

The condition of the deed is, that, if the grantees shall cease, for two years in succession, to improve the land for the purposes named therein, the estate shall be forfeited. The purposes named are, that the land shall " be held by said district for the purpose of building a schoolhouse thereon, and to be improved for the benefit of schools, and for no other use."

The facts show that the grantee built a schoolhouse on the land, and that it and its successors in title have maintained it to the present time. The tenant has not abandoned the use of the land for school purposes, or appropriated it to any other use; on the contrary, it has always treated it as a part of the school property of the town, and, it is fair to assume, has had, in good faith, the purpose of keeping a school on the land whenever the exigencies of the town should require it. The most that is shown in favor of the demandants is, that the town has not kept a school in the schoolhouse for more than two years in succession before the date of the writ. But the condition of the deed is not that the estate shall be forfeited if the tenant ceases to keep a school on the land for two years in succession. The demandants' claim is *strictissimi juris.* It is well settled that such a condition, when relied upon to work a forfeiture, is to be construed with great strictness. *Merrifield* v. *Cobleigh,* 4 Cush. 178. *Hadley* v. *Hadley Manuf. Co.* 4 Gray, 140.

We can see in the deed before us the intention of the parties that the land should be set apart and appropriated for school purposes, and for no other use; but it does not plainly declare that, if the grantee shall fail to keep a school on the land for two years, it shall work a forfeiture. If the grantor intended that this failure should work a forfeiture, he should have so stated in clear language, so that the grantee would understand it. Having used language which is susceptible of two constructions, that construction ought to be adopted which is most strongly against him, and we cannot by implication, and by the inference of an intention not clearly expressed, enlarge the meaning of the condition.

Upon the facts of the case, a majority of the court is of opinion that the Superior Court was justified in finding for the tenant.

*Judgment for the tenant affirmed.*

*H. Wardwell,* for the demandants.

*H. H. Smith & C. G. Chick,* for the tenant.