CALVIN H. WEEKS & others *vs.* JOHN L. HOBSON & others.

Essex.   November 7, 1889. — January 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Trust for Charitable Purposes — Cy Pres.*

A testator, by his will, gave in trust a parcel of land for a site for a hospital, as well as money to construct necessary buildings therefor and to pay its current expenses. A bill in equity was filed by the trustees, alleging that the site was not suitable, and a decree was made authorizing its sale and the investment of the proceeds in other land for the same purpose. Subsequently, before the land was sold, other land with the buildings thereon, both suitable for a hospital, was given to the trustees, and they then brought a supplemental bill in the nature of a bill for a review for leave to sell the land devised to them and to invest the proceeds in income-bearing securities for the support of the hospital. *Held*, that the erection of the hospital on the land devised was not an essential condition of the gift, and that it might properly be sold and the proceeds used in defraying the current expenses of the hospital.

SUPPLEMENTAL BILL IN EQUITY, in the nature of a bill of review, by the trustees of the Haverhill City Hospital, against the trustees under the will of Ezekiel J. M. Hale and the Attorney General. The defendants demurred to the bill for want of equity. *Field*, J., overruled the demurrer; and the defendants appealed to the full court. The facts appear in the opinion.

*H. G. Nichols*, (*F. A. Brooks* with him,) for the defendants.
*E. R. Hoar*, (*W. H. Moody* with him,) for the plaintiffs.

KNOWLTON, J.    The will of Ezekiel J. M. Hale, late of
Haverhill, deceased, contains the following provision : " It is
my will, and I hereby direct that my executrix and executors
and trustees shall convey to the corporation of the Haverhill
City Hospital, when established, the lot of land, with the build-
ings thereon, situated in said Haverhill in the county of Essex
and Commonwealth of Massachusetts, between Kent and Moore
Streets, adjoining the land of J. B. Swett and formerly owned
by J. Howard Nichols, together with the sum of fifty thousand
dollars ($50,000) in money.    Said lot of land to be used as a
site for a hospital, and such portion of said fifty thousand dol-
lars to be used and expended as may be deemed necessary for
the construction of said hospital buildings as the wants of the
city may require, the remaining portion of said fifty thousand
dollars to be held in trust, and the income therefrom to be
applied to defraying the current expenses of said hospital."
The will also provides for the creation of a board of trustees
to manage and control the hospital property, six of whom are
to be chosen by the mayor and city council of Haverhill,
each to hold office for life, and the seventh is to be the acting
mayor of the city for the time being, who is to be chairman
*ex officio.*    The trustees have been chosen, and have since been
incorporated by the St. of 1888, c. 356, the property has been
conveyed to them, and they now hold both the real estate and
the money, according to the directions of the will.    About
March 1, 1886, they filed a bill in this court, representing that
the land, by reason of its location, its sloping surface, and from
other causes, was not a suitable site for a hospital building, and
praying for leave to sell and convey it free from all trusts, and
to reinvest the proceeds in such manner as should best effect the
objects for which it was given by the will.    After due notice
and a hearing, no one objecting, a decree was entered authoriz-
ing a sale of the real estate and an investment of the proceeds
of the sale in other real estate in the city of Haverhill, to be
held upon the same trusts as that to be sold.    This decree re-
mains in force, and no sale has been made under it.

The plaintiffs have now, by leave of court, filed a supple-
mental bill in the nature of a bill of review, setting forth that
since the entry of this decree a deed of conveyance has been

made to them as trustees of the Haverhill City Hospital, cover-
ing certain land and the buildings thereon, situated in Haver-
hill, to be held for the use of the Haverhill City Hospital, and
upon the trust that the buildings thereon shall be used and
occupied as the hospital buildings for said city hospital; that
said conveyance was by way of gift; and that the land and the
buildings thereon are adapted to the purposes of a hospital, and
the buildings are now being used by them as hospital buildings,
and the land is all that is needed as a site for a hospital.   They
pray that the suit may be revived, and that the decree may be
reviewed and modified, and that they may have leave to sell the
land devised by said Hale, and to invest the proceeds of the
sale in proper securities, in trust to use them and the income
of them for the general purposes of the Haverhill City Hospital.
The case comes before us on the demurrer of the defendants,
and the only question argued is whether, upon these facts, the
court can properly grant the relief prayed for.

The will bears date February 3, 1880.   The original bill al-
leges that the land devised is not a suitable site for a hospital
building.   We can think of causes which may have come into
existence since the will was made, or even since the death of
the testator, which, combined with other causes originally inhe-
rent in the land, make it now an unsuitable place for a hospital,
even though the. testator might well have thought it suitable
when he made his will.   We must treat this allegation, and
the decree founded on the evidence in support of it, as estab-
lishing the proposition, that it is now impracticable to carry out
the purpose of the testator in the precise mode which he con-
templated.   Since the trustees cannot properly build a hospi-
tal on the land devised, the question presented to the court is
whether the charity must fail, and the property revert to the
residuary legatees, or whether the court can apply the doctrine
of *cy pres*, and change the mode of disposing of the property so
as to carry out the general purpose and intent of the testator.
That depends upon what we find to have been his intent in mak-
ing the devise.   It is to be noticed, first, that he makes a single
gift of land and money, to be used for the establishment and
maintenance of a hospital.   The land is to be used as a site,
and the money is to be expended in the erection of buildings

and in defraying the current expenses of the hospital. His obvious purpose was to provide, and, to the extent of his gift, to maintain a hospital for the sick and maimed of the city of his residence. We cannot believe that he intended to make his gift dependent on the occupation of a particular lot as a site for the buildings, so that if it became impracticable or impossible to use that lot he would utterly fail to accomplish his purpose. His language indicates that he had in mind a charitable scheme of great importance to the people of the neighborhood, which involved the occupation of a lot by hospital buildings, but to which the location of the buildings in the place named, instead of some other proper place, was of no consequence.

At the hearing on the original bill, the court, having found that the use of the land devised in the manner intended by the testator was impracticable, applied the doctrine of *cy pres* so far as to hold that the erection of the hospital in the place named was not an essential condition of the gift; and that the land might be sold, and the proceeds used for the purchase of a suitable lot in another place. We think that decree was well warranted by the terms of the will; and the principle then applied governs the case in its present aspect. If the use of that lot was only a mode in which the testator expected that his general purpose would be accomplished, and not of the essence of the charity, so that the court could properly allow a sale of that and a use of the proceeds in purchasing land elsewhere, it naturally follows, when the land becomes no longer available for the use for which it was intended, that the proceeds of it, if not needed for the purchase of another lot, may be saved for the charity, without being kept separate from the money which was a part of the same gift.

We are of opinion that the land may properly be sold, and the proceeds used in defraying the current expenses of the hospital. *Jackson* v. *Phillips*, 14 Allen, 539. *American Academy* v. *Harvard College*, 12 Gray, 582. *Loscombe* v. *Wintringham*, 13 Beav. 87. *Attorney General* v. *Craven*, 21 Beav. 392. *Biscoe* v. *Jackson*, 35 Ch. D. 460.

*Demurrer overruled.*