HENRY C. WESTON & another, trustees, *vs.* INHABITANTS
OF AMESBURY & another.

Suffolk.     January 23, 1899. — March 3, 1899.

Present: HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Will — Gift to Town in Trust for Charity — Town, after a Part of it is set off
to another Town, still entitled to Fund.*

A testator, who died in 1887, gave by will dated in 1885 fifty thousand dollars to
the town of S., the income "to be applied for the support of aged men and
women, inhabitants of said town, in indigent circumstances and of good moral
character, being persons approved by the selectmen as worthy of such provision.
It shall not be considered as in lieu of the legal provision for paupers," etc. The
will then directed the establishment of a "Home for the Aged," unless such
building be furnished by the town or other friends of the aged poor. In 1886,
by St. 1886, c. 284, almost the whole of the business portion of the town of S.,
including the place where the testator was born, was transferred to the town of
A. *Held*, that the town of A. had no claim to the fund, and that the town of S.
was entitled to receive it.

BILL IN EQUITY, for instructions as to the construction of the
will of William Hilton.* Hearing before *Barker*, J., who en-
tered a decree in favor of the town of Salisbury, and the town
of Amesbury appealed to the full court. The facts appear in
the opinion.

*J. Wiggin*, (*G. W. Cate* with him,) for the town of Amesbury.

*H. P. Moulton*, (*C. C. Dame* with him,) for the town of
Salisbury.

HOLMES, J. This is a bill for instructions upon the question
to which of two claimants a fund shall be paid.

William Hilton made his will on June 12, 1885, and died on
December 25, 1887. By that will he left fifty thousand dollars
to the town of Salisbury, the income "to be applied for the
support of aged men and women, inhabitants of said town, in
indigent circumstances and of good moral character, being per-
sons approved by the selectmen as worthy of such provision.
It shall not be considered as in lieu of the legal provision for

---

* This will was before the court in *Weston* v. *Massachusetts General Hos-
pital*, 169 Mass. 76.

paupers," etc.    The will goes on to direct the establishment of a Home for the Aged, unless such building be furnished by the town or other friends of the aged poor.    On July 1, 1886, by St. 1886, c. 284, almost the whole of the business portion of the town of Salisbury, including the place where the testator was born, was transferred to the town of Amesbury.    The latter town now claims a part of the fund.    Mr. Justice Barker made a decree in favor of the town of Salisbury, and the case is here by appeal.

The only question in which the plaintiffs have any interest is to which of the two towns claiming the fund it should be paid over, and that is the scope of their prayer for instructions.    The answer to that question is perfectly plain.    The town of Amesbury has no shadow of a claim to the fund, or to any part of it, even if its contention as to the meaning of the will is correct. The town of Salisbury is the donee in trust for charity, and if the area from which the beneficiaries are to be selected should be held to extend to the boundaries of the town as it was when the will was drawn, still the corporation named as trustee is unchanged and should receive the fund, so far as the plaintiffs are shown by the bill to be concerned.

*Decree affirmed.*