OLD LADIES HOME OF MUSCATINE, IOWA, Appellant, v. WILLIAM HOFFMAN, Executor, AND THE GERMAN EVANGELICAL LUTHERAN SOCIETY FOR CHRISTIAN CHARITIES.

Wills: CONSTRUCTION OF BEQUEST: *The word "in" construed.* Testatrix directed that the proceeds of her property should, at the expiration of five years after her death be given to "an orphan asylum in the city of M., or,' if no such orphan asylum be then in existence in said city" at such time, to a home for old ladies in such city; such asylum or home to be organized after the death of testatrix, if not in existence at that time. Five years after testatrix's death there was a home for old ladies within the corporate limits of M. and an orphan asylum outside the corporate limits, but within a mile of the city. *Held*, that the bequest to an orphan asylum in the city should not be construed with a strictness limiting the meaning of "within the corporate limits," but that "in" should be regarded as equivalent to "at", so that the orphan asylum was entitled to the bequest.

*Appeal from Muscatine District Court.*—HON. P. B. WOLFE, Judge.

SATURDAY, APRIL 12, 1.02.

ACTION for the interpretation of the will of Clara Blaydes, deceased. Judgment for the defendants, and the plaintiff appeals.—*Affirmed.*

*Carskaddan & Burk* for appellant.

*Horan & Devitt* for appellees.

SHERWIN, J.—The Old Ladies' Home of Muscatine, Iowa, is a body corporate, with a home established within the corporate limits of the city. The German Evangelical Lutheran Society for Christian Charities is also a body corporate, with an established orphans' asylum outside of the corporate limits of the city, but within a mile thereof. Both corporations were organized after the testator's death, with her bequest in view, and both now claim under the seventh clause of her will, which is as follows: "The proceeds of my Smalley note, and any other notes or money which I may have at the time of my death, as well as the proceeds derived from the sale of my real estate, are to be invested at interest, after the payment of all my debts, expenses, and the bequests herein made, and, at the expiration of five years from the date of my death, the net amount is hereby bequeathed to an orphan asylum in the city of Muscatine, or, if no such asylum be then in existence in said city, the same is to go to a home for old ladies in said city; such orphan asylum or home for old ladies, if not already in existence at the time of my death, to be thereafter organized or incorporated, prior to the expiration of five years after my decease." It is elementary that the intention of the testator is the only guide in the construction of all wills, and that, when the intention is clear from the language used, the courts may not seek farther, but must enforce the will as written, if it may lawfully be done. Both of the corporate bodies herein have met the conditions precedent in the will, unless it be

determined that the German Society has not done so, by reason of the location of its orphans' asylum outside of the geographical limits of the city. The appellant contends that the provision of the will which says "or, if no such asylum be then in existence in said city," the bequest "is to go to a home for old ladies in said city," should be construed to mean that the home or asylum must actually be within the corporate limits of the city, in order to take the bequest, and that, being so located, it is entitled thereto. It is true that the word "in," literally construed, often fixes the place with more definiteness and ·certainty than does the word "at"; for, if we speak of being in a house or in a building, we are understood to mean that we are actually within its walls. But this is not always true when applied to a geographical situation. It is a matter of common observation that the words "in" and "at" are used synonymously in speaking of cities and towns, or other geographical locations; for, if one were to say either that he was "in" or "at" Muscatine, the meaning would be the same, and he would not necessarily mean, or be understood as meaning, that his statement had reference to the geographical lines of the city. It may be conceded that a condition precedent to the taking of a bequest must be literally performed, but the trouble in this case does not arise over the application of this rule. The difficulty here is to determine what the condition is; for, if the intent of the testator was to require her beneficiary to be located within the corporate limits of Muscatine, the defendants have no case. But was that her intention? Her primary purpose was to endow an orphans' asylum which should be connected with her home city. If none should be in existence at the end of five years from her death, her bequest was then to go to an old ladies' home located there. Her thoughts were first of all for the fatherless and motherless waifs of the community, and they were the primary objects of her bounty. Can it be

said that she intended to deprive them of the great benefits
to be derived therefrom simply because the home which
should be provided for them should be located just across
a geographical line, though in fact recognized as one of the
charitable institutions of the city she named?   We think
not.   To us it is quite clear that she did not have in mind
strict geographical lines, and that her sole purpose, as to
locality, was to endow an institution which should be so
clearly connected with her home city as to be recognized
as a part thereof, and this is clearly the situation the de-
fendant occupies.   It was incorporated in Muscatine, and
its officers are actual residents thereof, as we understand
the record. It is a familiar rule that the court will vary
the strict meaning of words when necessary to effect the
intention of the testator.   *Finlay v. King's Lessee*, 3 Pet.
346 (7 L. Ed. 701).   If the testator's heirs were contesting
the right of this defendant to this bequest, there could be
no doubt as to the construction which should be given the
language of the bequest.   *Weeks v. Hobson*, 150 Mass. 377,
(23 N. E. Rep. 215); *Attorney General v. Briggs*, 164 Mass.
561 (42 N. E. Rep. 118).   And we see no reason why the
rules applicable to such a case should not govern here, for
it is the intent of the testator which is to govern in all
cases.   See *Bond v. Home for Aged Women*, 94 Iowa, 458.
*Hilgers v. Quinney*, 51 Wis. 62 (8 N. W. Rep. 17), is a case
where the statute required the county treasurer to post
certain notices in his office, and it is held that posting them
outside thereof, or at the office, was not sufficient, because
the statute said "in."   We do not consider this a control-
ling case on the question before us.   In *Weston v. Town
of Amesbury*, 173 Mass. 81 (53 N. E. Rep. 147), the testa-
tor made a bequest to the town of Salisbury, a large part
of which was afterwards transferred to Amesbury by stat-
ute; but the town of Salisbury still existed, though with
diminished territory.   It was held that Amesbury was en-
titled to no part of the bequest, because it belonged to the

town of Salisbury, whatever its geographical extent. *Teele v. Bishop of Derry*, 168 Mass. 341 (47 N. E. Rep. 422, 38 L. R. A. 629, 60 Am. St. Rep. 401), is a case in which the bequest was for the purpose of purchasing a lot and building a chapel in Carndrine, "to be forever used for purposes of public worship under the auspices of the Roman Catholic Church." It is held that it was a bequest for a specific purpose, and, that failing, it could not be applied to other purposes, inconsistent with those designated by the testator, and not in furtherance of any general intent on her part. The rules announced in these cases are not at variance with our holding here.

We reach the conclusion that the district court gave the will its proper construction, and the judgment is AFFIRMED.