## DENNIS  CALLAHAN,  PETITIONER.

Suffolk,  January,  1907.

*Deed   to   Church — Condition — Charitable   Trust — Sale*
*— Cy  Pres.*

In this case title was conveyed in 1840 by one Nathaniel Minot to certain trustees of the First Baptist Church of Dorchester in trust to hold for the purpose of erecting and maintaining a meeting house for public worship according to the Baptist faith.   The deed provided in careful and elaborate terms for the maintenance of worship in the meeting-house to be erected notwithstanding, and in case of, any disagreement which might arise between the Baptist Society and the Church, the former being the temporal, and the latter the ecclesiastical body, which, together with the pew holders and the congregation, unite to form the ordinary parish under the Baptist form of discipline.   American Baptist Miss. Soc. *v.* First Baptist Soc. of Brookfield, Land Court Decisions, p. 249, *ante.*   The only other provision in the deed which affects the title is that " in case the legislature of this Commonwealth shall at any time hereafter incorporate a board of trustees with authority to hold the property herein conveyed and appropriated, the proceeds and income thereof, for the support of such ministers as shall be elected and settled in the manner herein prescribed, then said grantees, the survivors, and assigns, and the survivors of them shall convey the property herein granted and the proceeds thereof to such board of trustees when incorporated."   By Chapter 128 of the Acts of 1899 it was provided as follows: " James H. Goodwin, Hatheway H. Dinsmore and Charles H. For-

sayth are hereby empowered to act as trustees of the First
Baptist Meeting House of Dorchester situated in Neponset
Village." In 1905 said trustees petitioned the Probate
Court claiming to be trustees under said Minot deed, and
prayed for leave to sell this estate because of changes in the
character and population of the locality, and to invest the
proceeds in the purchase of another lot in a suitable locality,
together with a suitable meeting house thereon for worship
under the terms of the trust set forth in said deed. Upon
this petition the court ordered notice by publication and
also personally upon the lineal descendants of Nathaniel
Minot so far as they could be ascertained, and appointed,
as guardian ad litem for all persons not ascertained or not
in being who were or might become interested in the pro-
ceedings, the learned Judge of Probate for Norfolk County.
The guardian reported very fully on the matter, and in favor
of the necessity and expediency of the proposed sale and in-
vestment. The Court thereupon ordered such sale and in-
vestment, and the petitioner became the purchaser.

It seems clear that the provisions of the Minot deed did
not constitute a condition but did constitute a trust. Hay-
den v. Stoughton, 5 Pick. 528; Austin v. Cambridgeport
Parish, 21 Pick. 215; Brattle Sq. Church v. Grant, 3 Gray
142; Rawson v. Uxbridge, 7 Allen 125; Sohier v. Trinity
Church, 109 Mass. 1; Episcopal Mission v. Appleton, 117
Mass. 326; Crane v. Hyde Park, 135 Mass. 147; First
Universalist Church, Petitioner, Land Court Decisions, p.
209, ante.

One difficulty found with the title is the lack of any con-
veyance from the survivors or heirs of the survivors of the
original trustees to the present incorporated board. It seems
to me that the title passed by operation of law under the
statutes. By the terms of R. L. c. 147, s. 6, " a new trustee
. . . appointed in the place of a former trustee in conform-
ity with a written instrument creating a trust shall, upon

giving such bond as may be required, have the same powers, rights and duties, and the same title to the estate as if he had been originally appointed." The present board of trustees was clearly appointed by the Act of 1899 in conformity with the written instrument creating the trust. The original deed provided for the transfer of title to the incorporated trustees by deed, and prior to 1878 such conveyance was probably necessary. Under the terms of the present statute, however, the conveyance is not necessary. Pope, Petitioner, Land Court Decisions, p. 173, *ante*.

The power of the Probate Court to order the sale seems also to be fully covered by statute. By the terms of R. L. c. 147, s. 15, " if the sale or conveyance, transfer or exchange of any real or personal property held in trust . . . appears to be necessary or expedient . . . the Probate Court may, upon the petition of a trustee . . . after notice and other proceedings as hereinafter provided, order such sale and conveyance . . . to be made, and reinvestment and application of the proceeds of such sale in such manner as will best effect the object of the trust." The provisions of the statute are very broad. Under it the purpose of a trust cannot be entirely disregarded. Davis, Petitioner, 14 Allen 24. Neither the power of the Equity Court acting under the doctrine of cy pres, nor the power of the Probate Court under the limited statutory authority above quoted, can be exercised in disregard of the object of the trust, but rather in either case " in such manner as will best effect the object of the trust." To this end the Court has full power however. The facts in the case at bar bring the matter squarely within some of the recent cases. Weeks *v.* Hobson, 150 Mass. 377; Amory *v.* Attorney General, 179 Mass. 89. (Note. And see Sears *v.* Attorney General, 193 Mass. 551.)

Decree for petitioner.