John L. Ford & others *vs.* Rockland Trust Company, trustee.

Plymouth.   October 27, 1953. — January 6, 1954.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*Trust*, Charitable trust, Resulting trust.   *Charity.*

Provisions of a will, in effect that in events which occurred real estate
of the testator should be used as the site of a home for aged women
and that the income of a residuary trust should be applied to the bene-
fit of the home, but that, if the income were "insufficient to pay for
the establishment and maintenance of" the home, the income should
be accumulated and, together with the net amounts derived from
renting the real estate, be added to the principal of the trust until
the trust fund should be "sufficient to establish and maintain" the
home, revealed a general charitable intent on the part of the testator
and it could not be said, at a time many years after his death, that
the trust had failed or must fail or that the trustee was holding the
fund on a resulting trust for the testator's heirs even though it then
appeared that the real estate had been sold by license of the Probate
Court and the proceeds of the sale added to the trust fund, that
nothing had been done toward establishing the home, and that its
establishment was not presently feasible because the fund, including
income added thereto, was insufficient for that purpose and because
there was no necessity for such a home in the locality contemplated
by the testator.   [28]
It would be proper to consider application of the doctrine of cy pres in
the case of a trust fund established under a will many years previously
for the founding and maintenance of a home for aged women where
the provisions of the will revealed a general charitable intent on the
part of the testator and it appeared that the trust fund, including
accumulated income added thereto, was still insufficient for such pur-
pose and would be insufficient for many years more and that there
was presently no necessity for such a home in the locality contem-
plated by the testator.   [28–29]

PETITION, filed in the Probate Court for the county of
Plymouth on January 7, 1952.

The case was heard by *Davis*, J.

In this court the case was submitted on briefs.

*Walter C. Cogan*, for the petitioners.

*Robert J. Geogan*, for the respondent.

*George Fingold*, Attorney General, & *Harris J. Booras*, Assistant Attorney General, for the Attorney General.

WILLIAMS, J.   This is a petition filed on January 7, 1952, by the heirs of one Chester W. Ford in which they seek a declaration that they are presently entitled to the benefit of a fund now held by the respondent as trustee under his will and ask for an accounting.   The Rockland Trust Company and the Attorney General appeared and answered. The evidence is reported and likewise the material facts as found by the judge.   The case is here on appeal by the petitioners from a final decree.

Chester W. Ford, a resident of Rockland, died testate on August 27, 1921.   His will was duly admitted to probate. In addition to several specific legacies he devised the land and buildings on Howard Street, Rockland, where he lived, to his brother Daniel W. Ford for life and upon the latter's death the remainder to the town of Rockland in trust "To be used as a home for aged women."   He provided, in the event that the town of Rockland should not accept the devise, that "the remainder in said land and buildings" be devised to the respondent for the "uses and purposes . . . set forth" in the sixteenth clause of the will.   By that clause the residue of his property both real and personal was devised and bequeathed to the trust company in trust to pay the income to Daniel W. Ford during his life and after his death to use the income for the maintenance of the home for aged women.   In the event of nonacceptance by the town he directed the trust company to procure the formation of a corporation with suitable powers to establish and maintain the proposed home.   He further provided that "If, in the judgment of my trustee the income from the trust fund at the time of the death of my said brother Daniel W. Ford is insufficient to pay for the establishment and maintenance of a home for aged women, then and in that case I direct that the income from said trust fund be allowed to accumulate and be added to the principal and

that said property on Howard Street, Rockland, be let to a tenant or tenants, and the rent received therefrom above the expenses of the maintenance thereof be paid to my trustee hereunder and by it to be added to the principal of said trust fund until such time as the principal and accrued income are sufficient to establish and maintain a home for aged women as herein provided for."

Daniel W. Ford died on February 25, 1942, and at its annual town meeting on March 1, 1943, the town of Rockland voted not to accept the devise. Rockland Trust Company accepted the trust and has continued as trustee until the present time. In pursuance of a license granted by the Probate Court it sold the real estate on December 9, 1946, for $5,000. The amount of the fund held in trust on November 1, 1944, was $14,230.77. On December 31, 1951, it was $30,550.14, which amount included the $5,000 received from the sale of the real estate, $8,000 representing an increase in the value of capital assets, and $3,320 accumulated income. Except for the investment of the funds held in trust, nothing has been done by the trustee toward establishing the home.

The judge found that the annual expense of maintaining an aged woman will be at least $1,000, and that the "town of Rockland at the time of hearing 1952, had closed its infirmary which under its welfare department was capable of caring for thirty men and women because there was no longer need for it as only ten to twelve had used it since 1942 and the so called old age assistance law had eliminated the necessity for such institution. . . . [O]n November 25, 1942, an existing home for aged women in the town of Rockland which had been in existence for a great many years was liquidated under decree of the Supreme Judicial Court after a determination by that court that there was no longer a need or necessity of a home for aged women in the town of Rockland as there had been no applicants for a number of years."

The decree from which the appeal was taken declared "that the respondent holds said funds in its discretion for

the uses and purposes set forth in the 16th clause of the will of Chester W. Ford."

It is not disputed that the establishment of a home for aged women with the fund now available is impracticable and impossible. Although the result intended by the testator cannot, for the present, be accomplished, this does not mean that the trust has failed or must fail. It has as its object a home for homeless and indigent women and constitutes a valid public charity. *Sherman* v. *Congregational Home Missionary Society,* 176 Mass. 349. It is manifest that the testator had a general charitable intent to benefit the class of persons designated. The fact that the land and buildings, which he directed should be used as a site for the home, have been sold does not prevent the court from giving effect to his general intention. *Weeks* v. *Hobson,* 150 Mass. 377, 380. *Ely* v. *Attorney General,* 202 Mass. 545. *Norris* v. *Loomis,* 215 Mass. 344. It is to be presumed that the sale was authorized by the court as essential to the beneficial administration of the charity. See *Odell* v. *Odell,* 10 Allen, 1, 6; *Weeks* v. *Hobson, supra;* Scott on Trusts, § 381. Undoubtedly the testator believed that the Howard Street property should be used for the contemplated home but we think that the means must have been subordinate in his mind to the end which he had in view. See *Briggs* v. *Merchants National Bank,* 323 Mass. 261, 274–275; *Worcester County Trust Co.* v. *Grand Knight of the Knights of Columbus,* 325 Mass. 748, 754. In our opinion the trust has not failed. The trustee is holding a fund of substantial amount and is adding accumulated income to principal in accordance with the instructions of the testator. There was no error in the decree which impliedly declares that the trustee is not holding the fund on a resulting trust for the petitioners.

Although suggested in the brief of the Attorney General, no reference is made in the pleadings to the administration of the trust cy pres. It is clear that many years must elapse before the fund reaches the minimum amount required to establish and maintain a home for aged women.

There appears to be no necessity at the present for such a home in Rockland where the testator intended the proposed home to be located. The benefits of the charity should in some form and within a reasonable time be made available to members of the class designated in the will. See *St. Paul's Church* v. *Attorney General*, 164 Mass. 188, 204. The advisability of administering the trust cy pres may appropriately be proposed to the Probate Court by an amendment either to the answer of the trust company or to that of the Attorney General. If such an amendment is allowed within sixty days from date of rescript the case is remanded to the Probate Court for further hearing on the issue of cy pres. Otherwise the decree is affirmed.

*So ordered.*