JOHN F. CRONAN, administrator, *vs.* ISAAC M. ADAMS
& others.

Suffolk.    December 16, 17, 1903. — April 2, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Devise and Legacy*, Construction.

Where by the residuary clause of a will a fund is given to a trustee more than suf-
ficient to pay certain annuities provided for, with a provision that the surplus
income shall be added to the principal during the lives of the annuitants, and
that on the death of all the annuitants the entire fund including the accumula-
tions shall be distributed, this tends to show an intention that the remainders
shall be contingent and vest only upon the death of the last annuitant.

A testator gave the residue of his estate to the Carney Hospital in trust, to pay
certain annuities, which the estate was more than sufficient to pay, and then
provided as follows : " The remainder of the income of said estate I direct to be
added to the principal of the estate during the lives of said annuitants, and on
the death of all, I direct the Carney Hospital to take to its own use one quarter
of all the estate, and to convey the residue to the youngest Adams of the issue
of Durward Adams whose descent is wholly in the male line from said Durward,
in default I direct the trustee to convey said residue to the youngest of the issue
of Julius Adams Ulman, in default I direct the trustee to convey said residue to
the youngest of the issue of Durward Adams, in default I direct the trustee to
convey said residue to the youngest of the issue of Elizabeth A. Ulman, in de-
fault I direct the Carney Hospital to take to its own use the said residue."
*Held*, that the remainder was contingent on the circumstances existing at the
death of the last annuitant, and did not vest in the person who answered the
description of the beneficiary at the time of the death of the testator.

BILL IN EQUITY, filed March 5, 1903, by the administrator
with the will annexed of the estate of Julius Adams, late of
Boston, subject to an agreement of compromise confirmed by a
decree made by a justice of this court, for instructions.

A modification of the original agreement of compromise was
as follows : " The sum of ten thousand five hundred dollars
[increased by a further modification printed below to $35,500]
shall be held by the administrators and invested until the
Supreme Judicial Court shall decide whether Isaac Murray
Adams, who when Julius Adams died was and now is the young-
est Adams of the issue of Durward Adams whose descent is
wholly in the male line, took a vested interest in the estate of

Julius Adams or not. If the decision shall be that he took a vested interest, the said sum with its accumulations less expenses as hereinafter provided shall be paid to him or his legal representatives. If the decision shall be that he did not take a vested interest the sum with its accumulations less expenses, as aforesaid, shall be paid to the Massachusetts Hospital Life Insurance Company to accumulate until the death of the last annuitant under the will of said Julius Adams, and then said sum and its accumulations shall be paid over to the administrators or administrator of the estate of Julius Adams in trust to pay the same to the person who under the said will is then entitled to receive the residue of the said Adams estate in that event other than the Carney Hospital, and if there be no such person then to the heirs of the last person who would have taken such residue had he or she survived the last of the said annuitants."

The further modification above referred to, which became a part of the agreement of compromise, was as follows : " The Carney Hospital, a party to said petition and agreement, hereby contributes from the sum of $81,250 agreed to be paid to it under said original agreement of compromise, the sum of $25,000 and to take in full for its share and interest of whatsoever nature in said estate of Julius Adams the sum of $56,250, said sum of $25,000 so contributed by said Carney Hospital to be in addition to the sum of $10,500 already provided in the modification so affixed to said original agreement of compromise to be set apart for the unascertained remainder man entitled thereto upon the death of the last annuitant named in said will, and if there be no such person, then to the heirs of the last survivor who would have taken had he or she survived the last of said annuitants. And said sum of $25,000 so contributed, together with the said sum of $10,500 shall be deposited with the Massachusetts Hospital Insurance Company to accumulate for the benefit of the person entitled thereto as in said first modification provided, and to be paid to the person who in accordance with the terms of said first modification shall be entitled thereto."

The case came on to be heard before *Morton*, J., who, by agreement of the parties, reserved it upon the bill, answers and agreed facts, for determination by the full court, such decree to be entered as should seem meet.

*C. H. Donahue,* (*J. F. Cronan* with him,) for the plaintiff.

*H. P. Harriman,* guardian *ad litem* for Isaac· Murray Adams.

*G. R. Swasey,* guardian *ad litem* for Marjorie Adams and others.

*H. W. Hardy,* guardian *ad litem* for contingent interests.

LATHROP, J.   The will of Julius Adams, executed December 23, 1898, and admitted to probate on May 24, 1900, after certain pecuniary and specific legacies, gave the remainder of his estate to the Carney Hospital in trust, to pay from the income of the estate to each of the children of Durward Adams, five hundred dollars a year during the life of each child, and to the child of Alice, deceased daughter of said Durward, five hundred dollars a year during its life.   Then follow several other annuities * to be paid from the income, and this clause follows : " The remainder of the income of said estate I direct to be added to the principal of the estate during the lives of said annuitants, and on the death of all, I direct the Carney Hospital to- take to its own use one quarter of all the estate, and to convey the residue to the youngest Adams of the issue of Durward Adams whose descent is wholly in the male line from said Durward, in default I direct the trustee to convey said residue to the youngest of the issue of Julius Adams Ulman, in default I direct the trustee to convey said residue to the youngest of the issue .of Durward Adams, in default I direct the trustee to convey said residue to the youngest of the issue of Elizabeth A. Ulman, in default I direct the Carney Hospital to take to its own use the said residue."

The only question presented is whether Isaac Murray Adams, who, when Julius Adams died, was and now is the youngest Adams of the issue of Durward Adams whose descent is wholly in the male line, takes a vested interest in the residue, or whether the person who answers the description is to be determined when the last annuitant dies, and so the interest is contingent.   We are of opinion that the latter construction is the true one.

In the first place, what is to be distributed consists not only of the residue but of the accumulated income, and this could not vest at the testator's death.   This tends to show that " the

---

* The provisions of this will are described in the report of *Elder* v. *Adams,* 180 Mass. 303, 304.

vesting of the whole was postponed till the arrival of the event on which the distribution is made to depend." *Hale* v. *Hobson,* 167 Mass. 397, per Morton, J.

In the next place we are of opinion that the scheme of the will shows that a contingent interest was intended. If Isaac Murray Adams took a vested interest, there was no need of the elaborate scheme of the testator, by which on the death of the last annuitant the residue was to be disposed of. Isaac Murray Adams was living both when the will was made and at the death of the testator, but in the residuary clause he is not mentioned by name. The intention of the testator evidently was that some one person in the four classes he mentions should take, according to the circumstances existing at the death of the last annuitant, and so the person cannot be determined until that time arrives.

*Decree accordingly.*