EDMUND D. CODMAN & another *vs.* HERBERT F. BRIGHAM & others.

Suffolk. December 7, 8, 1904. — January 7, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Executor. Trust. Charity. Perpetuity.*

Where a will transfers the whole residue of the testator's property to the executors charged with a trust in regard to the management and disposition of it the executors necessarily take as trustees although the word "trustee" is not used.

A gift by will of a fund to trustees for the establishment of a hospital for sick persons in indigent circumstances, to be held and accumulated for twenty-five years before it is put to active use, is not invalid although the time for accumulation extends beyond the limit prescribed by the rule against perpetuities. In such a case a charity is created at once, the equitable estate in that part of the public which is to be benefited as well as the legal estate in the trustees vesting immediately when the will is proved.

In a gift by will of a fund to trustees for the establishment of a hospital for sick persons in indigent circumstances, to be held and accumulated for twenty-five years and then to be transferred to a corporation to be formed for carrying out the purposes of the trust, the formation of the corporation and the transfer of the property to it are mere details of administration prescribed by the testator not affecting the general character of the charitable gift, and if for any reason the establishment of such a corporation is impossible the gift does not fail, but the court will devise some method of administering the charity *cy pres* to accomplish substantially the same result.

BILL IN EQUITY, filed March 31, 1903, by the trustees under the will of Peter Bent Brigham, late of Boston, and by the same persons as administrators *de bonis non* with the will annexed of the estate of the testator, for instructions.

The case was heard by *Lathrop*, J., who reserved it for determination by the full court upon the pleadings and orders in the case, with a report of the facts as found by him.

*J. L. Thorndike*, for the trustees.

*C. A. Snow*, for the heirs at law.

*L. S. Dabney*, for the Peter Bent Brigham Hospital.

KNOWLTON, C. J. This is a bill brought by the trustees appointed under the will of Peter B. Brigham, for instructions in regard to the disposition of certain income in their hands, received under the fourteenth clause of the will. This clause is as follows : " All the rest and residue of my property and estate, of every kind and description, real personal and mixed, of which I shall die seised or possessed, or to which I shall be entitled at the time of my decease, I direct my said executors to take, hold, manage and invest, for the term of twenty-five years from the time of my decease, and to take the rents, interest, income and profits thereof and from the net income thereof to appropriate and pay as follows, that is to say : " Then follow seven provisions for the payment of annuities to relatives and friends of the testator, with directions on the death of the annuitants to pay specific sums to their children if they die leaving children, concluding as follows : " My said executors shall add the balance

of said net income, that shall remain after making the payments aforesaid, to the principal of my said estate, so that the same may be accumulating for the term of twenty-five years aforesaid ; and at the expiration of said term of twenty-five years from my decease, my said executors shall set aside a sum or sums of money and may deposit the same in some safe trust company, — preference being given, other things being equal, to the Massachusetts Hospital Life Insurance Company, of said Boston, — which shall be sufficient to provide for the payment of such of the foregoing legacies and bequests, if any, as shall then be unfulfilled ; or may provide for the payment of such unpaid legacies and bequests by the purchase of annuities for the unpaid legatees or otherwise, as my said executors shall deem expedient ; and after the payment, or provision for the payment, as aforesaid of all the foregoing bequests and legacies, the unexpended balances, if any, shall be paid to and for the use of the hospital hereinafter provided for."

Then comes the following paragraph : " 8.   At the expiration of said term of twenty-five years from the time of my decease, my said executors shall dispose of said rest and residue of my property and estate and of all the interest and accumulations which shall have accrued thereon, for the purpose of founding a hospital in said Boston, to be called the Brigham Hospital, for the care of sick persons, in indigent circumstances, residing in the said County of Suffolk, in the following manner, — that is to say : They shall procure the formation of a corporation, to be called the ' Brigham Hospital' with suitable provisions as to officers, their powers and duties for control, direction, conduct and administration of the corporation and the care and management of the funds in its charge ; and upon the legal formation and organization of said corporation, my said executors shall transfer to it all the property and estate provided for it as aforesaid, to be by it used and employed for the purposes above declared : — and I give, devise and bequeath said rest and residue of my property and estate accordingly."

The testator died on May 24, 1877, leaving real estate valued at $690,000, and personal estate which amounted to about $325,000, after payment of debts and the legacies other than those payable under the fourteenth clause.   The executors quali-

fied, and managed the property until the death of the last survivor of them, when the plaintiffs were appointed trustees by the Probate Court, and, thus succeeding to the rights of their predecessors, they since have continued the execution of their trust. The corporation was formed under the general laws in May, 1902, and because such a corporation could not hold property in excess of $1,500,000, the St. 1902, c. 418, was passed on May 22 of that year, which authorized the corporation to hold real and personal estate to an amount not exceeding $5,000,000. On May 24, 1902, $4,311,935.65 was paid to the corporation by the trustees. The whole property in the hands of the corporation, with that held by the trustees to meet the remaining payments called for under the seven provisions of the fourteenth clause, amounts now to more than $5,000,000.

It earnestly is contended by the heirs at law of the testator, that the gift for the purpose of founding a hospital is void under the rule against perpetuities. It therefore becomes necessary to ascertain the meaning and construction of the will. This clause begins with instructions to the executors in regard to the possession, management and disposition of the residue of the estate, and, after proceeding at length with these directions, it ends with the words, " and I give, devise and bequeath said rest and residue of my property and estate accordingly." These directions involve a final disposition of the whole of the residue, and the closing words expressly devise and bequeath it. The whole language, considered together, transfers the title of all the property to the executors, charged with a trust in regard to the management and disposition of it. This involves the performance of duties beyond those which belong to executors, and they necessarily take as trustees, although the word "trustee" is not used. *Carson* v. *Carson*, 6 Allen, 397. *Bean* v. *Commonwealth*, 186 Mass. 348. *Fay* v. *Taft*, 12 Cush. 448. *Sears* v. *Russell*, 8 Gray, 86, 89. *Mullanny* v. *Nangle*, 212 Ill. 247. The trust is for charitable uses, and the instrument creates, from the death of the testator, a public charity. The beneficiaries who are entitled to the equitable interest are sick persons in indigent circumstances, residing in the county of Suffolk, for whose care a hospital is to be established. *Burbank* v. *Burbank*, 152 Mass. 254. This charitable trust comes into ex-

istence immediately on the probate of the will, and it comprises all the rest and residue of the estate, except so much as is needed to make the payments called for in the seven provisions above referred to. Not only the legal but the equitable estate vests immediately, the legal estate in the trustees, and the equitable in that part of the public which is to be benefited. So much as is required to pay the annuities and the sums which are to go to the surviving children of annuitants is held under a private trust, and this amount, whatever it may prove to be, diminishes to that extent the amount which otherwise would be appropriated to charitable uses.

It is provided that the fund shall be held and accumulated for twenty-five years before it shall be put to active use for the relief of the suffering. Such a provision is not uncommon, and even though the time for the accumulation may extend beyond the time prescribed in the rule against perpetuities, it is not invalid. *Odell* v. *Odell,* 10 Allen, 1. *St. Paul's Church* v. *Attorney General,* 164 Mass. 188, 203. *Ould* v. *Washington Hospital for Foundlings,* 95 U. S. 303. *Russell* v. *Allen,* 107 U. S. 163.

These and the other provisions, in regard to the management of the property, the payments from the income of the sums due the annuitants, the establishment of a corporation, and the transfer of the property to the corporation, are all mere details of administration which the testator saw fit to prescribe, and which do not affect the general character of the charitable gift, or the nature of the title created by the clause in question. Nothing passes directly to the corporation under the will. It takes through a conveyance from the trustees, made in the execution of their trust. *Ould* v. *Washington Hospital for Foundlings,* 95 U. S. 303, 312. *Jones* v. *Habersham,* 107 U. S. 174. *Crerar* v. *Williams,* 145 Ill. 625, 648. The corporation is simply a part of the machinery to be provided by the trustees, the better to execute the charitable purpose of the testator. If for any reason it should be impossible to establish such a corporation, the gift would not fail, but the court would apply the doctrine of *cy pres,* and provide some other method of administering the charity to accomplish substantially the same result. *Darcy* v. *Kelley,* 153 Mass. 433, 437. *Weeks* v. *Hobson,* 150 Mass. 377. *Amory* v. *Attorney General,* 179 Mass. 89, and cases above cited.

When the corporation is established with power to hold the property, the trustees make a conveyance which transfers the legal title to the new party, which takes and holds it under the same charitable trust. The substance of the charity is a gift of property to be held and used for the care of sick persons in indigent circumstances in a hospital. That the hospital is to be established and maintained by a corporation, rather than by personal trustees, is not of the essence of the gift. *Sears* v. *Chapman*, 158 Mass. 400. All of these details as to management are to be regarded and put in execution so far as practicable. But such a gift is not allowed to fail if it becomes impossible to use it in exactly the mode prescribed.

The contention that the gift is directly to the corporation, limited upon preceding bequests to individuals, and that it may not take effect until more than twenty-one years after the expiration of a life or lives in being, is therefore not well founded, and the same is true of the argument that the gift to the charity is contingent.

The income and accumulations of the property go with the corpus of the fund, so far as the title is concerned. *Tainter* v. *Clark*, 5 Allen, 66, 69. *Wharton* v. *Masterman*, [1895] A. C. 186, 192, 198. The legal title to the property having vested in the trustees, the title to its earnings was in them also. The right to have the earnings, when they should accrue, vested at once in the charity on the death of the testator. Any other doctrine would render provisions for accumulation ineffectual. See *Odell* v. *Odell*, 10 Allen, 1, and cases there cited. The expressions in the opinions in *Hale* v. *Hobson*, 167 Mass. 397, and *Cronan* v. *Adams*, 185 Mass. 436, relied on by the heirs at law, do not mean that the owner of a principal fund, on which income subsequently accrues, has not a vested right to the income from the beginning. They simply mean that the income, as income, is not vested in possession until it comes into existence. See also *Safe Deposit & Trust Co.* v. *Wood*, 201 Penn. St. 420, 427 ; *Rhode Island Hospital Trust Co.* v. *Noyes*, 26 R. I. 323. The income in this case, subject to the payments to be made from it under the seven provisions, was all the time held for charitable uses, as the principal was.

The view which we have taken of the meaning of the clause

in question makes it unnecessary to consider many of the questions elaborately argued by the counsel for the heirs. These questions grow out of an entirely different construction of the language of the will.

The decision of the Circuit Court of the United States in another suit brought by one of the heirs, and raising the same questions which are before us, is in accordance with the view which we have taken. *Brigham* v. *Peter Bent Brigham Hospital*, 126 Fed. Rep. 796. This decision was affirmed by the Circuit Court of Appeals, in an opinion (December 7, 1904), which appears in 134 Fed. Rep. 513.

The plaintiffs are instructed to pay to the Peter Bent Brigham Hospital the income and interest which they held at the time of bringing the suit.

*So ordered.*