JOHN F. CRONAN, administrator, *vs.* DURWARD ADAMS & others.

Suffolk.    March 30, 1905. — September 14, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, & BRALEY, JJ.

*Executor and Administrator.    Compromise.    Words,* " Shall be paid."

An administrator with the will annexed, holding the residue of an estate under an agreement of compromise confirmed by the court, providing that all the residue of the estate, both real and personal, after certain payments have been made, " shall be paid " to four persons named, one fourth to each, has no power to sell real estate for the purpose of making the final distribution, or to make partition of it, and must convey the real estate to the four persons named as tenants in common.

LATHROP, J.　This is a petition by the administrator, with the will annexed, of the estate of Julius Adams. The case was heard by a single justice of this court, who has found certain facts, and reserved the case for our determination.

The will of Julius Adams was before this court on a petition to compromise a controversy relating thereto. *Elder* v. *Adams,* 180 Mass. 303. It was again before the court in *Cronan* v. *Adams,* 185 Mass. 436.

The original will, after certain specific bequests gave the remainder of the estate to the Carney Hospital in trust to pay certain annuities, and directed that the remainder of the income be added to the principal during the lives of the annuitants, and on the death of all directed the Carney Hospital " to take to its own use one quarter of all the estate, and to convey the residue " in a manner pointed out.

By the terms of the compromise, as shown by the final decree entered in this court, the Carney Hospital received a certain sum in money in lieu of all claims under the will, whether as legatee or trustee. Provision was also made for the legatees and annuitants.

By the second clause of the compromise, the executor named in the will was to resign, and John F. Cronan and Edmund H. Talbot were to be appointed administrators of the estate of Julius Adams, with the will annexed.

The tenth clause of the agreement of compromise provided: " All the residue of the estate, both real and personal, of said Julius Adams, of every name, nature and description, whatsoever, after the payments aforesaid, shall be paid to Durward Adams, Elizabeth A. Ulman, Isaac Adams and Aquila Adams, in the proportions following : viz., one fourth thereof to Durward Adams, one fourth thereof to Elizabeth A. Ulman, one fourth thereof to Isaac Adams, and one fourth thereof to Aquila Adams."

The petitioner in this case was appointed sole administrator, with the will annexed, of the estate of Julius Adams. The petition represents that Julius Adams died December 18, 1899, possessed of both real and personal estate ; that the parcels of real estate differ so much in value and productiveness that the same cannot be fairly or justly divided among the parties interested.

The questions upon which the administrator requests the instructions of the court are:

1. Whether under the will of Julius Adams, as modified by the decree of this court, approving the agreement of compromise, the petitioner has the power to sell and convey the real estate at either public or private sale as may be deemed most advantageous.

2. Whether the administrator has power to make partition of the real estate among the persons entitled thereto.

3. Whether the administrator has power to convey the real estate directly to the respondents as tenants in common.

The single justice of this court has found: " It is not necessary to resort to the sale of said estate, except for the purpose of distribution among the residuary legatees. Said real estate consists of seven parcels of unequal value and is not susceptible of equal division in severalty."

The petitioner contends that, under the will, the Carney Hospital had the right to sell the land, and that the petitioner has, by the agreement of compromise, the same right. By the terms of the will the Carney Hospital was given the remainder of the estate in trust, to pay certain annuities from the income, to add the balance of the income to the principal, and on the death of all the annuitants to take to its own use one quarter of all the estate, and to convey the residue to a person then unascertained. *Cronan* v. *Adams*, 185 Mass. 436. There was no direct power given to sell the land. Nor was there anything from which it could be implied as in *Going* v. *Emery*, 16 Pick. 107, 112, where the clause was: " And I do order and direct my executor to collect all the last above specified property as soon as can be done, consistently, without sacrificing too much by forcing the sale thereof in an improper manner."

So in *White* v. *Ditson*, 140 Mass. 351, 359, it was said by Mr. Justice Devens: " Had the executor applied to the Probate Court for leave to sell real estate for the payment of legacies, assuming that there was no provision in the will in relation to the subject, it could not have been granted, if there was no existing unpaid legacy, but only a gift of the residuum." In *Allen* v. *Dean*, 148 Mass. 594, a testatrix authorized her executor " to sell and make conveyance of my personal or real estate, either at public

or private sale as the proper and convenient settlement of my estate may require." It was held that the executor could not sell for the purpose of making partition or distribution among the devisees. See also *Heard* v. *Read,* 171 Mass. 374, which seems to us conclusive of the question under consideration. See also *Heard* v. *Trull,* 175 Mass. 239.

We are of opinion therefore that, under the original will, the Carney Hospital had merely a power to convey three quarters of the residue to the remainderman.

Under the agreement of compromise no direct power to sell the real estate is given. If any power is to be implied it is in the tenth clause above cited, and is in the words "shall be paid." These words are not strictly applicable to real estate, but are the words which the parties have seen fit to use in regard to both real and personal property. Considering that the agreement of compromise was drawn by able lawyers, and was twice modified, before it was approved by this court, it is singular that no express power was given to the person to be appointed administrator with the will annexed to sell the real estate, if such had been the intention of the parties. The words "shall be paid," standing by themselves, we do not think are sufficient to authorize the administrator with the will annexed to sell, except for the purpose of paying debts and legacies. Nor do we think that taking the will as modified by the agreement, the petitioner has power to sell the real estate.

We are of opinion therefore that the first and second questions must be answered in the negative; and that the third question should be answered in the affirmative.

*Decree accordingly.*

*J. F. Cronan,* administrator, *pro se.*

*A. H. Russell,* for the respondent Durward Adams.

*C. H. Donahue,* for the other respondents.