CHARLES S. GILL & others, executors, *vs.* ATTORNEY GENERAL & others.

Suffolk.    March 15, 1907. — February 24, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Charity.   Devise and Legacy.   Words,* " Charitable persons."

The gift by a testator of the residue of his estate to his executors in trust to convey and transfer it to such institutions or natural persons as they may select, to be held by such institutions or natural persons in trust to be applied by them to charitable objects, is a valid gift to charity.

The residuary clause of a codicil was as follows : " All the rest and residue of my estate of every character and description, I give to my executors named in said will, in trust nevertheless to distribute the same among such charitable institutions, persons or objects, in such amounts, upon such terms, and for such purposes, as they decide to be most worthy, having regard, but in their sole discretion, to such as I have been interested in during my life." *Held,* that the word " charitable " qualified " persons " and " objects " as well as " institutions," and that the term " charitable persons " was not used to designate persons of a philanthropic turn of mind, but meant that the persons selected should take the property transferred to them by the executor in trust to be applied by them to objects of charity, which made the gift good as a public charitable trust.

Where a gift is made by will for a specific charity alone and not for a general charitable purpose, if the performance of the specific purpose has become impossible the gift fails and the doctrine of *cy pres* does not apply, and for that reason in the present case it became unnecessary to consider whether the specific purpose set forth in a certain clause in the will, if it had been possible of execution, would have been a charitable one which would make a perpetual trust valid.

BILL IN EQUITY, filed in the Probate Court for the county of Suffolk on August 4, 1906, by the executors of the will of Ednah Dow Cheney, late of Boston, for instructions.

The testatrix, who was a widow without issue, died on November 19, 1904, leaving certain first cousins as her only heirs at law and next of kin. Her will and a codicil thereto were proved on December 22, 1904, and the plaintiffs were appointed executors.

After disposing by her will and codicil of a large part of her estate, the testatrix in the sixth clause of the codicil provided as follows:

"Sixth: I appoint Mary Cheney, Frank Cheney, Jr., Ednah D. Cheney, Mary B. Cheney, Harriet Cheney, Anna Cheney and Rosalie Goodman, or such of them as may survive me, trustees, and I give to them and their successors in trust the sum of three thousand dollars, to hold and dispose of the same in and upon the following trust, viz: to establish and maintain some suitable room or rooms in South Manchester, Connecticut, for the preservation and exhibition under such rules and regulations as said trustees may make, of all the pictures, books, manuscripts, and any other relics of Seth W. Cheney, Margaret S. Cheney and John Cheney, and any other objects of interest, with the exception of the personal gifts mentioned in my will to relatives or friends. I desire that the crayon of S. W. Cheney by Kimberly shall be placed in this room, also the portrait of the old man, which I give to said trustees, and not, as in my will to Mrs. Emma L. Cheney. I also give to said trustees for said room all drawings, paintings, sculpture and other articles which in my will are given to Annie and Alice Cheney. In case of a vacancy among said trustees by death, or resignation, or any other reason, I give the remaining trustees power to fill said vacancy by a majority vote, and the new trustee shall have the same power and duties as if originally appointed, and this power to fill vacancies may be exercised from time to time as the same occurs. I desire that said trustees, whether original or substitute, may be exempt from giving a surety or sureties upon their bonds. I authorize said trustees to receive from other persons such gifts of money or objects for exhibition as may help to carry out the purpose of said trust. Said trustees, or their successors, may, at any time should they deem it wise to give up the same as an independent trust, surrender the same with all trust property to the Town of South Manchester, Connecticut,

to become a part of a public library in said Town, but upon condition that the same shall never be removed from said Town of South Manchester."

The residuary clause of the codicil was as follows:

" All the rest and residue of my estate of every character and description, I give to my Executors named in said will, in trust nevertheless to distribute the same among such charitable institutions, persons or objects, in such amounts, upon such terms, and for such purposes, as they decide to be most worthy, having regard, but in their sole discretion, to such as I have been interested in during my life."

The trustees named in the sixth clause declined to accept the trust. After satisfying the specific legacies, there were practically no pictures, books, manuscripts or other relics of Seth W. Cheney, Margaret S. Cheney or John Cheney and no other objects of interest to preserve or exhibit, and no good purpose would be served in establishing the room referred to.

The income from the sum of $3,000 would be insufficient to defray the expenses of rent, light, heat and care of the room. There is no town of South Manchester, Connecticut. The village of South Manchester is a part of the town of Manchester, Connecticut, and there already is established in that village a library and reading room which amply accommodate the citizens, and there is no need of anything further of the kind there.

After the payment of the bequests, debts, and charges of administration, there would remain in the hands of the plaintiffs for distribution, a balance exceeding $30,000.

The bill prayed for instructions upon the following questions:

" Is the trust established in the sixth clause of the codicil a valid trust ?

"If valid, is the trust, under the circumstances now existing, capable of practical enforcement ?

" If not, what disposition shall be made of the $3,000 given therein ?

" Is the residuary clause void ?

" Are the heirs at law and next of kin entitled to receive the residue of the estate, or is it to be distributed by the executors in charity ? "

In the Probate Court *Grant, J.,* made a decree declaring that

by the sixth clause of the codicil the testatrix created a valid charitable trust with a specific charitable intent, that it was impracticable to carry into effect the purpose of the testatrix, and that the trust had failed, and ordering that the $3,000 trust fund be held by the executors as part of the residue of the estate; also declaring that, owing to the language employed by the testatrix in the residuary clause of the codicil, no valid charitable or private trust was created, and that an implied trust arose in favor of the heirs at law of the testatrix, ordering that the executors should distribute among the heirs at law and next of kin of the testatrix, to be ascertained as of the date of her death, that part of the residuary fund of the estate of the testatrix which should remain in their hands for distribution.

The Attorney General appealed, stating as grounds of appeal that the sixth clause of the codicil created a valid public charitable trust, which it was not impracticable to carry into effect, and that by the residuary clause of the codicil the testatrix created a valid public charitable trust and that this clause manifested a general charitable intent.

The appeal came on to be heard before *Rugg,* J., who by request of all the parties reserved it for determination by the full court, such order to be entered as justice might require.

The case was argued at the bar in March, 1907, before *Knowlton,* C. J., *Hammond, Loring, Sheldon,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*D. Malone,* Attorney General, *F. T. Field,* Assistant Attorney General, for the Attorney General.

*O. B. Mowry,* for the executor of the will of Charles Saville, one of the next of kin of the testatrix.

*W. P. Everts,* (*R. M. Morse* with him,) for the executor of the will of Sarah A. Dearborn, and another.

*G. A. O. Ernst,* for the plaintiffs.

LORING, J.   1. We are of opinion that the word " charitable " in the residuary clause must be taken to qualify " persons " and " objects" as well as " institutions." See in this connection *Hooper* v. *Shaw,* 176 Mass. 190; *Suter* v. *Hilliard,* 132 Mass. 412; *Schleicher's estate,* 201 Penn. St. 612; *Wilkinson* v. *Lindgren,* L. R. 5 Ch. 570; *Baker* v. *Sutton,* 1 Keen, 224; *Fox* v. *Gibbs,* 86 Maine, 87.

It is the contention of the next of kin that even if that is so the gift is void. Their contention is that a charitable person means a person devoted to charity. And it must be conceded that if that is what the words charitable persons mean in this gift the gift is void within the rule laid down in *St. Paul's Church* v. *Attorney General*, 164 Mass. 188, 195, and acted upon in *Minot* v. *Attorney General*, 189 Mass. 176, namely, where property is to be distributed by executors between one or more objects which are charitable and one or more which are not, the gift fails as a gift for charity.

A gift of a residue or of other property to an executor "to be disposed of by him for such charitable purposes as he shall think proper" is a valid gift in trust for charity. *Minot* v. *Baker*, 147 Mass. 348 and cases there cited. In *Minot* v. *Baker*, *ubi supra*, the executor died without having applied all the trust fund to charity and a new trustee was appointed to administer the trust. From this it follows that the gift of the residue here in question so far as it is a gift to be applied by the executors to "charitable" "objects" is a valid charity.

But not only may a testator give his property to his executors in trust to be applied by them in charity, but he may give it to his executors to be transferred and conveyed by them to a corporation thereafter to be established by them to be held by that corporation in trust for charity. That was decided in *Codman* v. *Brigham*, 187 Mass. 309. In such a case "nothing passes directly to the corporation under the will. It takes through a conveyance from the trustees [executors] made in the execution of their trust. . . . The corporation is simply a part of the machinery to be provided by the trustees [executors] the better to execute the charitable purpose of the testator." Knowlton, C. J., in *Codman* v. *Brigham*, 187 Mass. 309, 313.

There can be no distinction between a gift of property to an executor to be conveyed by him to a corporation thereafter to be established, to be held by that corporation in trust for a charitable purpose ; and a gift to an executor to be by him conveyed to an existing institution or to a natural person to be selected by him to be held by that institution or natural person in trust for a charitable purpose.

If therefore the gift of the residue now in question is to be

construed to be a gift of it to the executors in trust to convey the same to such institutions or natural persons as they may select, to be held by such institutions or natural persons in trust to be applied by them to charitable objects, there can be no question of the gift being a valid gift to charity. As was said in *Codman* v. *Brigham*, the institutions and persons selected to dispense the residue given by the testator in charity are simply a part of the machinery provided to execute the charitable purpose of the testator.

A majority of the court are of opinion that that is what is meant by the gift here in question to the executors " in trust nevertheless to distribute the same among such charitable institutions or persons, . . . in such amounts, upon such terms, and for such purposes as they decide to be most worthy, having regard but in their sole discretion to such as I have been interested in during my life."

For while in other connections, or indeed if used alone and not in connection with other words, a " charitable person " doubtless means a person of a philanthropic turn of mind, yet the words " charitable persons" used in connection with the words " charitable institutions " cannot be construed to mean or even to include such persons. But on the contrary the word " charitable," in our opinion, when applied to persons in the gift here in question, means what that word means when applied to " institutions," namely, persons who will take the property transferred to them by the executor in trust to be applied by them to charitable objects.

The result is that the executors are themselves to apply the residue to objects of charity, or they are to transfer it over to institutions or individuals to be held by them in trust to be applied by them to objects of charity.

2. We are of opinion that the gift contained in the sixth clause of the will, if valid, has failed, and that if it was a charitable gift at all it was for a specific charity alone. If this was a valid gift at all, on the admitted facts it has failed and the property falls into the residue. *Teele* v. *Bishop of Derry*, 168 Mass. 341.

It follows that the Probate Court was right in holding that the $3,000 fell into the residue, and was wrong in holding that

the gift of the residue not being a valid charitable gift the residue of the estate was to be distributed " among the heirs at law of the testatrix."

*Decree accordingly.*