WILLIAM S. BOWDEN & another, trustees, *vs.* ANNIE S. BROWN & others.

Essex. November 5, 1908. — November 25, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Charity,* For a specific purpose. *Trust.*

A testatrix by her will, after giving certain legacies, provided as follows : "The remainder shall . . . be given to the town of Marblehead toward the erection of a building that shall be for the sick and poor, those without homes. I leave this in the hands of B., B. and R. of Marblehead." The amount of the residue of the estate was about $8,000. The town of Marblehead at a meeting of the voters declined to accept the legacy. *Held*, that the gift constituted a public charity for a specific purpose, that it was given "toward the erection of a building" by the town, and that the action of the town was equivalent to a refusal to erect such a building, that the purpose stated in the will thus having become impossible of execution, and there being nothing to indicate that the testatrix

intended to make provision generally for the sick and poor of the town or for those without homes unless they could be provided with a home in a building to be erected for their use, the gift failed, and the residuary estate went to the next of kin of the testatrix.

BILL IN EQUITY, filed in the Probate Court for the county of Essex on October 2, 1908, by the trustees under the will of Sarah E. Goodwin, late of Lynn, for instructions as to the construction of the residuary clause of that will, which is quoted in the opinion.

In the Probate Court *Harmon*, J., made a decree that the plaintiffs should invest the residue of the estate and hold it so invested with its accumulations for the purposes named in the will, instead of paying it over to the next of kin of the testatrix. The defendants Annie S. Brown and others, claiming as the next of kin of the testatrix, appealed.

The case came on to be heard before *Hammond*, J., who, at the request of the parties, reserved it upon the bill and the answers of the several defendants for determination by the full court, such decree to be entered as law and justice might require.

*F. M. Ives*, for the next of kin.

*D. Malone*, Attorney General, & *F. T. Field*, Assistant Attorney General for the Attorney General, submitted a brief.

KNOWLTON, C. J. Sarah E. Goodwin, late of Marblehead, deceased, after giving certain legacies in her will, provided as follows: " The remainder shall . . . be given to the town of Marblehead toward the erection of a building that should be for the sick and poor, those without homes. I leave this in the hands of William S. Bowden, Mary G. Brown and William Reynolds of Marblehead." This gift constitutes a public charity. *Richardson* v. *Mullery*, *ante*, 247, and cases cited. But by the terms of the will, it is to go to a designated donee, to be used for a specified purpose, for the benefit of a certain class of sick and poor. The donee, the town of Marblehead, at a meeting of the voters has declined to accept the legacy. It was given " toward the erection of a building " by the town. The action of the town is equivalent to a refusal to erect such a building. It appears that the charity cannot be administered in the way stated in the will. It therefore must fail altogether, unless it

can be administered under the doctrine of *cy pres.* The question arises whether the purpose of the testatrix was to give her property for this specific charity, or whether her charitable purpose was general, so that the court is authorized to apply the money to some other charity, similar to that mentioned in the will, under a scheme to be devised for that purpose. It is manifest that the amount of the property, which is only about $8,000, is insufficient for the erection and maintenance of such a building as the testatrix contemplated. She expected that the building would be erected and maintained by the town, with such aid as would be derived from the use of her gift. The trust was not for the erection of a building by trustees under her will, entirely from the proceeds of her property. It being impossible to do that which the testatrix had in mind, can we discover a purpose to do something else of a similar character? We think not. There is nothing to indicate that she intended to make provision generally for the sick and poor of the town, or particularly for those without homes, unless they could be provided with a home in a building to be erected for their use. General provision for the sick and poor would seem to include a charity much broader than anything in her contemplation. The case seems to fall within the class where no intent to use the gift for other charitable purposes can be discovered, if it is impossible to execute the particular charity for which provision is made. In such cases the charity fails altogether. Many cases of this kind are found in the books. See *Teele* v. *Bishop of Derry,* 168 Mass. 341; *Bullard* v. *Shirley,* 153 Mass. 559; *Gill* v. *Attorney General,* 197 Mass. 232, 237; *In re White's Trusts,* 33 Ch. D. 449; *Attorney General* v. *Bishop of Oxford,* 1 Bro. C. C. 444, note; 4 Ves. Jr. 421; *Brown* v. *Condit,* 4 Robbins, 440; *Catt* v. *Catt,* 118 App. Div. (N. Y.) 742.

We are of opinion that the gift fails and that the residuary estate must go to the next of kin.

*So ordered.*