ALEXANDER J. WILCOX & others *vs.* ATTORNEY GENERAL & others.

Bristol. October 24, 1910. — January 3, 1911.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Will. Trust,* Indefiniteness, Resulting. *Charity. Devise and Legacy.*

A testamentary disposition of property cannot be made partly by parol and partly under the statute of wills, and therefore a provision in a will for charitable pur-, poses, which cannot be defined or designated except from oral communications made by the testator in his lifetime and referred to in his will, is bad for indefiniteness.

A clause of a will gave the residue of the estate of the testator, which consisted of both realty and personalty, to the person named as executor " in trust, nevertheless, to carry out certain other purposes of mine mentioned to him and to A. . . . and relating to certain benevolent and charitable institutions and associations ; to a clock tower and clock in memory of my sister B.; to the use of our old homestead estate as a memorial to my mother to be known as the 'Eliphal Tucker Borden Park Play Grounds' et cetera." *Held,* that, since resort could not be had to the oral communications of the testator in order to ascertain the objects of the charity, the trust was so indefinite that it could not be executed, and that therefore a resulting trust for the benefit of the heirs at law and next of kin of the testator arose.

BILL IN EQUITY, filed in the Probate Court for the county of Bristol on October 7, 1909, for the construction of the will of Ariadne J. Borden, late of Fall River.

By the first clause of the will $1,000 was bequeathed to the testatrix's friend, Abbie C. Anthony. By the second clause $500 was given to each of six other friends. The third clause bequeathed a sum not exceeding $5,000 to the executor, " the same to be expended in work on my cemetery lot . . . on monuments, curbing, grading et cetera, as suggested to him in our personal conversations about this matter and the plan given to Abbie C. Anthony aforesaid." The fourth clause is quoted in the opinion. A clause numbered " 4 A " gave $1,000 each to two cousins.

A decree was made in the Probate Court declaring that the clause quoted in the opinion constituted a valid trust. On appeal to the Supreme Judicial Court, the case was heard by *Braley,* J., who, having found certain facts, which have become

immaterial, reserved the case for determination by the full court.

*A. S. Phillips*, (*B. Ferring* with him,) for the plaintiffs.

*H. A. Dubuque*, for the Attorney General.

*A. J. Jennings*, for the executor and trustee Earl.

BRALEY, J.   The testatrix in the fourth clause of her will devised and bequeathed the residue of her estate " to Henry H. Earl ... in trust, nevertheless, to carry out certain other purposes of mine mentioned to him and to Abbie C. Anthony . . . and relating to certain benevolent and charitable institutions and associations; to a clock tower and clock in memory of my sister Mary Amanda Borden; to the use of our old homestead estate as a memorial to my mother Eliphal Tucker Borden to be known as the ' Eliphal Tucker Borden Park Play Grounds' et cetera.   And I hereby give to my said trustee full power and authority to sell other lots of land and improvements thereon and to give full deeds of conveyance and acquittance thereof in fee simple and to use the proceeds in carrying out said designated plans and purposes; also to buy any other lots or parcels of land necessary to more fully carry out said plans and pur- poses.   I also give my said trustee full power to buy, exchange, invest and reinvest my personal estate as he may consider best for the interests of my estate and the foregoing plans and purposes referred to."   It being plain that no personal bequest was intended, as the trustee was to hold and distribute the property in accordance with the wishes of the testatrix, the trust cannot be administered unless a definite charitable gift is disclosed.   If the trust had been for such charitable purposes as the trustee in his discretion might select, or if the directions had been specific that he was to erect, for the benefit of the public, a clock tower with a clock in memory of her sister, and to convert the home- stead into a park or playground as a memorial to her mother, the phrase relating to her previous verbal instructions might be treated as merely descriptive as in *Wells* v. *Doane*, 3 Gray, 201, 204, and a valid charity established.   *Minot* v. *Baker*, 147 Mass. 348.   *Gill* v. *Attorney General*, 197 Mass. 232.   *Molly Varnum Chapter*, *D. A. R.* v. *Lowell*, 204 Mass. 487, 493, and cases cited. *New England Sanitarium* v. *Stoneham*, 205 Mass. 335, 341.   But while a general purpose to devote the residue to charity is evi-

dent, the objects finally to be selected are not designated, and can be ascertained only upon resort to the verbal communications made to the trustee and to Abbie C. Anthony. If these instructions had been in writing, a reference to the instrument would have incorporated it with the will, but as a testamentary disposition of property cannot be made partly under the statute of wills and partly by parol, the trust is so indefinite that it cannot be executed. *Minot* v. *Attorney General*, 189 Mass. 176, 179, 180. *Berry* v. *Dunham*, 202 Mass. 133, 139.

It follows, that after the payment of the pecuniary legacies and of the bequest to the executor for the purposes named in clause three over which there is no dispute, the residue goes to the heirs at law of the testatrix who take by way of a resulting trust. *Nichols* v. *Allen*, 130 Mass. 211. *Minot* v. *Attorney General*, 189 Mass. 176. *Bowden* v. *Brown*, 200 Mass. 269.

*Decree accordingly.*