E. SOHIER WELCH ET AL., TRUSTEES UNDER THE WILL OF EDWARD I. BROWNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11134, 21634. Promulgated January 17, 1928.

*Burton E. Eames, Esq.,* for the petitioners.
*Donald D. Shepard, Esq.,* for the respondent.

OPINION.

ARUNDELL: The parties have stipulated, for the purpose of deciding this cause, that contributions or gifts made to the City of Boston are allowable deductions under section 214(a)(11) of the Revenue Act of 1921; that the other corporate beneficiaries under the will of the petitioners' decedent are not subject to tax in accordance with section 231(6) of the 1921 Act and that contributions made to them are deductible under section 214(a)(11) of that Act.

Petitioners claim that the income accumulated and credited to the principal of the trust during the taxable years constitutes an allowable deduction from the income of the trust under section 219(b) of the Revenue Act of 1921 as income "permanently set aside" for the remaindermen which are municipal, charitable, or educational corporations within the scope of section 214(a)(11).

The pertinent provisions of section 219(b) are as follows:

The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that * * * there

shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214.

It is clear that the trust created by the will is not in itself exempt from tax, *Williamson et al., Executors,* v. *Commissioner,* 7 B. T. A. 1033, 1039, and no amounts were paid during the taxable years to the tax-exempt remaindermen, hence, if the trust is to escape taxation on its income it can only be by reason of the income having been "permanently set aside" for the tax-exempt corporate remaindermen.

The courts of Massachusetts seem to have invariably followed the rule of construction obtaining in most jurisdictions that remainders are to be deemed as vesting immediately on the death of the testator unless it clearly appears that the testator's intention was otherwise. *Codman* v. *Brigham,* 187 Mass. 309; 72 N. E. 1008; *Porter* v. *Porter,* 226 Mass. 204; 115 N. E. 407; *Brigham* v. *Peter Bent Brigham Hospital* (C. C. A.), 134 Fed. 513, 522, 523. The facts in *Codman* v. *Brigham, supra,* are strikingly similar to those in this case. There the testator left the residue of his estate to his executors to manage and invest for 25 years, directing them to pay from the income certain annuities, to add the balance of the income to principal, and at the expiration of the period of 25 years to dispose of the accumulated fund to found a hospital. The trustees brought a bill for instructions in regard to the disposition of certain income in their hands. It was held by court:

The income and accumulations of the property go with the corpus of the fund, so far as the title is concerned. *Tainter* v. *Clark,* 5 Allen 66, 69. *Wharton* v. *Masterman,* (1895) A. C. 186, 192, 198. The legal title to the property having been vested in the trustees, the title to its earnings was in them also. *The right to have the earnings, when they should accrue, vested at once in the charity on the death of the testator. Any other doctrine would render provisions for accumulation ineffectual.* See *Odell* v. *Odell,* 10 Allen, 1, and cases there cited. The expressions in the opinions in *Hale* v. *Hobson,* 167 Mass. 397, and *Cronan* v. *Adams,* 185 Mass. 436, relied on by the heirs at law, do not mean that the owner of a principal fund, on which income subsequently accrues, has not a vested right to the income from the beginning. See also *Safe Deposit and Trust Co.* v. *Wood,* 201 Penn. St. 420, 427; *Rhode Island Hospital Trust Co.* v. *Noyes,* 26 R. I. 323. The income in this case, subject to the payments to be made from it under the seven provisions, was all the time held for charitable uses, as the principal was. (Italics supplied.)

The position of the respondent is that the trust itself is not exempt from tax and no part of the income received by the trust was permanently set aside or credited to the tax-exempt beneficiaries. We agree, as stated above, with the proposition that the trust is not in and of itself exempt. Under the statute it is not necessary that the income be credited directly to an exempt residuary legatee; it is enough if, under the will the income "was permanently set aside." *Herbert*

*Jermain Slocum*, 6 B. T. A. 36, 39; *Bowers* v. *Slocum*, 20 Fed. (2d) 350; 6 Am. Fed. Tax Rep. 6840. In the latter case the contention that is made here was disposed of with the observation that:

This would make the imposition of the tax depend upon some act of the executors, which had no result in law upon the rights of the parties, and is not in accordance with what we have found to be the expressed intent of the Congress, which was to tax the income received by the estate which would pass to any person subject to taxation, but relieve from taxation the income set aside by the terms of the will for corporations of the character described.

The *Slocum* cases effectively dispose of the principle involved in the present case. The only difference is that here a testamentary trust preceded the vesting of legal title to the residue in the exempt corporations. We do not regard this as material. The exempt beneficiaries here had vested interests, not only in the corpus but also, under *Brigham* v. *Peter Bent Brigham Hospital, supra*, p. 524, in the income.

The respondent, in his brief, cites the case of *Kings County Trust Co.* v. *Law*, 194 N. Y. S. 370. The Circuit Court of Appeals in *Bowers* v. *Slocum, supra*, expressly refused to follow that case.

*Judgment will be entered on 15 days' notice, under Rule 50.*