CHARLES T. OLDFIELD & others, trustees, *vs.* ATTORNEY GENERAL.

Bristol. October 26, 1914. — November 25, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Charity. Trust,* Charitable, Validity. *Equity Jurisdiction,* Bill for instructions.

By Sts. 1883, c. 246; 1884, c. 139; 1890, c. 349, which in substance authorized the town of Norton to receive and hold a certain trust fund, known as the Hicks Reserve Fund, and to appropriate the revenue thereof for the purposes stated in a declaration of trust by its founder, a provision of that declaration requiring that the "principal with its accumulations" from certain specified

sources "is to be forever held in trust and never be disturbed," was approved and therefore in effect was declared by the Legislature not to be contrary to public policy and to be valid.

In a suit in equity for instructions by the trustees of a public charitable trust whose provisions provide for a perpetual accumulation, this court will deal only with present conditions and will not give instructions as to what shall be done at some time in the future when the fund with its accumulations shall reach a certain amount; and the trustees here were instructed that it was their present duty to comply with the directions for accumulations contained in the instrument creating the trust.

PETITION, filed in the Supreme Judicial Court on January 28, 1914, by the selectmen and the treasurer of the town of Norton as trustees, under the declaration of trust, set out in full, *ante*, 375–377, of the Hicks Reserve Fund, for instructions as to whether the provisions therein as to perpetual accumulation of income were constitutional, the petitioners averring that they were of opinion that, when the principal sum should reach $150,000, it would "not be necessary or desirable for a further accumulation of income, and that the income, at that time, should annually be divided between the cemetery and the town in such a manner that the cemetery should receive a sum not exceeding one quarter of the income from" $150,000, "for its care, improvement, and adornment, and the balance of said income should be paid to the Town of Norton towards defraying its general expenses."

St. 1883, c. 246, as amended by St. 1884, c. 139, reads as follows: "The town of Norton is hereby authorized to receive from Cyrus Hicks of Boston the sum of four thousand dollars, the same to be forever held in trust for the following purposes, to wit: — one half of the income of said fund shall be appropriated by said town towards defraying its ordinary expenses; and the other half of said income shall be appropriated for the purposes set forth in the declaration of trust, dated June thirtieth, eighteen hundred and eighty-three, signed by said Cyrus Hicks, and recorded with the town clerk of said town of Norton."

St. 1890, c. 349, reads as follows:

"The town of Norton is hereby authorized to receive from the executors of the last will of Cyrus Hicks, late of Dedham in the county of Norfolk, deceased, the property devised and bequeathed to said town by said Cyrus Hicks by his said will duly proved and allowed in the probate court for said county of Norfolk; and to forever hold the same in trust for the uses and purposes set forth

in said will, and in a certain instrument known as his declaration of trust, dated June thirtieth in the year eighteen hundred and eighty-three, signed by him and recorded with the town clerk of said town of Norton."

It being agreed that the facts alleged in the bill were true, the case was reserved by *Loring*, J., upon the pleadings and the agreed facts for determination by the full court.

The case was submitted on a brief by the petitioners.

*A. R. White, 2nd, & E. S. White,* for the petitioners.

SHELDON, J. The trust here in question is valid as a public charitable trust. *Collector of Taxes of Norton* v. *Oldfield, ante,* 374. But the instrument creating the trust contains provisions under which by far the greater portion of the income will be forever accumulated and added to the principal. Not only an indefinite, but a perpetual accumulation is provided for. Only a little more than one fifth part of the income ever can be applied to the charitable purposes specified, unless the court or the Legislature can interfere, and a constantly increasing amount must be applied to the increase of the principal of the fund. But it was held by this court in *St. Paul's Church* v. *Attorney General,* 164 Mass. 188, that the limits of an accumulation for the benefit of a charity are subject to the order of a court of equity, although such a provision ought not to be interfered with unless the accumulation appears to be unreasonable, unnecessary, or to the public injury, — unless, in other words, it is against a sound public policy. Accordingly, in *Dexter* v. *Harvard College,* 176 Mass. 192, a provision for the perpetual accumulation of five per cent of the income did not prevent the court from sustaining the whole of a charitable trust, although it was not found necessary to pass upon the validity of this particular provision. Provisions for an accumulation for a limited time, or until the attaining of a specified amount or an amount sufficient for a specified purpose, where the whole amount finally was to be applied for charitable purposes, likewise have been upheld. *Williston Seminary* v. *County Commissioners,* 147 Mass. 427. *Codman* v. *Brigham,* 187 Mass. 309. *Masonic Education & Charity Trust* v. *Boston,* 201 Mass. 320. And see, in the case of the fund bequeathed to the city of Boston under the will of Benjamin Franklin, *Odell* v. *Odell,* 10 Allen, 1, 12, *Higginson* v. *Turner,* 171 Mass. 586, and *Boston* v. *Doyle,* 184 Mass. 373.

But the court will rather apply the doctrine of *cy pres,* where that can be done with due regard to the intention of the founder of the trust, than allow an indefinite or unduly prolonged accumulation of income, contrary to the dictates of public policy. *Ely* v. *Attorney General,* 202 Mass. 545. *Grimke* v. *Attorney General,* 206 Mass. 49. *Norris* v. *Loomis,* 215 Mass. 344.

These principles however are not applicable here. Whatever otherwise might have been the view taken by the court in this case, the question of public policy has been settled by the Legislature. St. 1883, c. 246, amended by St. 1884, c. 139. St. 1890, c. 349. By these acts the town of Norton was authorized to receive and hold this fund and to appropriate the income thereof for the purposes stated by the founder of the trust. Within the limits set by the Constitution, it is of course for the Legislature finally to determine all questions of public policy. Those limits do not exclude such a question as this. While these acts remain in force, we cannot say that this provision for accumulation is invalid.

In any event the court could not instruct the petitioners what their duties will be when the principal of the fund shall have reached the amount of $150,000, — an amount not yet reached or likely to be reached in the immediate future. It is only as to their present duties that trustees have a right to ask for the instructions of the court. *Bullard* v. *Chandler,* 149 Mass. 532. *Sibley* v. *Maxwell,* 203 Mass. 94, 107. We do not know what the circumstances will be when the fund shall have increased to about three times its present amount, what exigencies then may exist, or what constitutional or legislative enactments then may be in force.

A decree will be entered instructing the petitioners that the trust upon which they hold this fund is valid as a public charitable trust; that it is their present duty to comply with the directions for accumulation contained in the instrument creating the trust; and that the court declines to give them now any further instructions.

*Ordered accordingly.*