PALO A. PEIRCE & others *vs.* ATTORNEY GENERAL & others.

Plymouth.  November 18, 1919. — January 8, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Charity. Trust,* For charitable purposes.  *Equity Pleading and Practice,* Costs.

A gift by a testator of the residue of his estate to trustees, "to be held as a special trust fund forever, the net income whereof to be paid semi-annually or oftener in the discretion of said Trustees to the use and benefit of" a certain town "in such manner as said Trustees or their successors shall determine," is a valid gift for a public charity.

Under the provisions of the will above quoted, the authority of the trustees, in determining the manner in which the net income shall be applied for the use and benefit of the town, extends to the selection of those purposes which are strictly public and therefore charitable.

A suit in equity by heirs at law and next of kin against the Attorney General and trustees under a will to have a gift to the trustees for the benefit of a town declared null and void, in which the town on its own motion was admitted as a party defendant, is a strictly adversary proceeding and not a bill for instructions as to the meaning of the will; and, upon the dismissal of the suit, only one set of costs may be allowed against the plaintiff.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Plymouth on July 14, 1919, and afterwards amended by three of the four heirs at law and next of kin of Thomas S. Peirce, late of Middleborough, against the Attorney General and the trustees under the will of Thomas S. Peirce, to have the residuary clause of the will declared null and void and the residuary estate conveyed and distributed among the testator's heirs at law and next of kin.

A motion by the town of Middleborough to be admitted as a party defendant was allowed.

The defendants severally demurred for want of equity. The demurrers came on to be heard before *Pierce*, J., who reserved the case upon the amended pleadings for determination by the full court.

*G. F. Tucker*, for the plaintiffs.

*H. LeB. Sampson*, (*E. A. Howes, Jr.*, with him,) for the trustees under the will of T. S. Peirce.

*N. Washburn*, for the town of Middleborough.

Rugg, C. J. This is a suit in equity wherein it is alleged that the heirs at law and next of kin of Thomas S. Peirce seek to have declared null and void the gift in the residuary clause of his will. That gift is of the residue of the testator's estate to trustees "to be held as a special trust fund forever, the net income whereof to be paid semi-annually or oftener in the discretion of said Trustees to the use and benefit of the Town of Middleborough, in such manner as said Trustees or their successors shall determine."

As matter of construction these testamentary words constitute the town of Middleborough as a municipality in its corporate capacity the beneficiary of the fund. There is no uncertainty or indefiniteness in this particular.

The question to be decided is whether by the will a valid gift is made for a public charity. There are numerous expressions in opinions, some of them written by justices eminent for their learning in this branch of law, to the effect that gifts for the benefit of municipalities are for charitable objects. Such expressions occur frequently in cases where gifts for improving a city or town have been enumerated as among valid charities. *American Academy of Arts & Sciences* v. *Harvard College*, 12 Gray, 582, 594. *Jackson* v. *Phillips*, 14 Allen, 539, 552. *Burbank* v. *Burbank*, 152 Mass. 254, 256. *Goodman* v. *Saltash*, 7 App. Cas. 633, 642. In *Drury* v. *Natick*, 10 Allen, 169, at page 178, in discussing the effect of the St. of 43 Eliz. c. 4, which is a part of the common law of this Commonwealth, it was said that the "only public buildings or works named . . . [therein] are bridges, ports, havens, causeways, churches, sea-banks and houses of correction. Yet there are high authorities, English and American, in favor of holding any gift for the benefit of all the inhabitants of a town to be charitable."

That such gift is valid for a public charity is clearly implied by the concluding words of the famous definition of a charity by Mr. Justice Gray in *Jackson* v. *Phillips*, 14 Allen, 539, 556, to the effect that "A charity, in the legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons . . . by erecting or maintaining public buildings or works or otherwise lessening the burdens of government." Scarcely anything could more directly lessen the burdens of government as manifested to the ordinary citizen than a gift to be applied for the general benefit of the municipality in which he resides. There are express decisions to this effect. In *Collector of Taxes of Norton* v. *Oldfield*, 219 Mass. 374, a gift "to be used for ordinary town expenses" was held to be a proper object of a public charitable trust. To the same point is *Oldfield* v. *Attorney General*, 219 Mass. 378. That the point, although definitely decided and essential to the conclusion reached in these two recent decisions, was not amplified by full discussion must be taken to have been due to a conviction that it was clearly and necessarily implied from earlier adjudications. In *Boston* v. *Doyle*, 184 Mass. 373, the gift of Benjamin Franklin to Boston of a fund to accumulate for a period and "then lay out . . . in Public Works which may be judged of most general utility to the Inhabitants such as Fortifications, Bridges, Aqueducts, Public Buildings, Baths, Pavements or whatever may make living in the Town more convenient to its People and render it more agreeable to strangers, resorting thither for Health or a temporary residence," was held to constitute a public charity.

In *New Castle Common* v. *Megginson*, 24 Del. 361, it was decided in an elaborate opinion that a gift "for the use of the inhabitants of the town of New Castle," constituted a charitable trust. In *Hargreaves* v. *Taylor*, [1905] 2 Ch. 400, a bequest "Upon trust for such charitable, educational, or other institutions of the town of Kendal and also for such other general purposes for the benefit of the town of Kendal or any of the inhabitants thereof as my trustees shall in their absolute uncontrolled discretion think fit," was held to be a good charitable trust. In *Dolan* v. *Macdermot*, L. R. 5 Eq. 60, it was said by Lord Romilly, M. R., "Suppose, for instance, the testator had made the gift in

this form, 'I bequeath the whole of this sum of money, after the death of my wife and sister, for such public purposes for the benefit of the parish of Tadmarton as my trustees shall think fit;' I apprehend nobody would say that the gift was bad." This decision was affirmed by Lord Cairns on appeal, L. R. 3 Ch. 676, whereby a gift to be laid out "in such charities and other public purposes as lawfully might be in the parish of Tadmarton" was upheld as a good charitable gift. Gifts "for the improvement of the city of Bath," *Howse* v. *Chapman,* 4 Ves. 542, "for the improvement of the said city" of Limerick, *Gort* v. *Attorney General,* 6 Dow. 136, "To be . . . applied in the improvement of the town of Great Bolton," *Attorney General* v. *Heelis,* 2 Sim. & Stu. 67, 77, "for such other purposes as my said executors shall think most conducing to the good of the County of Westmoreland, and especially of the Parish of Lowther," *Attorney General* v. *Lonsdale,* 1 Sim. 105, to be "applied in such manner, and for such purposes, as the said Corporation [of . the town of Faversham] shall judge to be most for the benefit and ornament of the said town," *Faversham* v. *Ryder,* 5 DeG., M. & G. 350, "to the government of Bengal, for the express purpose of that government applying the amount to charitable, beneficial, and public works at and in the city of Dacca in Bengal, the intent of such bequest and donation being that the amount shall be applied exclusively to the benefit of the native inhabitants," *Mitford* v. *Reynolds,* 1 Phillips, 185, "for the use or benefit of the said borough town, or of the inhabitants thereof, or of the institutions in the said borough," *Wrexham* v. *Tamplin,* 21 Wkly. Rep. 768, "for the use and benefit of the said parish," *In re St. Botolph Without Bishopsgate Parish Estates,* 35 Ch. D. 142, *Attorney General* v. *Webster,* L. R. 20 Eq. 483, 490, 491, all have been held to be valid charities. See cases collected in Ann. Cas. 1914 A 1215–1218. Doubtless the Massachusetts town as a municipal corporation exercises functions and possesses powers in some respects different in nature and more extensive in scope than parishes, towns and cities in England. But that difference, whatever it may be, has no bearing upon the respect to be accorded to decisions of English courts touching this point of the common law. Our own adjudications go quite as far as those of England in supporting charities of this character.

Gifts to a national government or State government to pay its debt or for other charitables uses have been upheld. *Dickson* v. *United States,* 125 Mass. 311. *Thorp* v. *Lund,* 227 Mass. 474. *Newland* v. *Attorney General,* 3 Meriv. 684. *Nightingale* v. *Goulburn,* 5 Hare, 484. Cases of that sort are strongly analogous to the case at bar.

It has been argued that there are divers purposes for which under our statutes a city or town may expend money which cannot be considered as charitable. See R. L. c. 25, §§ 15, 20, 21; c. 26, § 28; Sts. 1914, c. 707, § 9; 1908, c. 290. It is not necessary to discuss these statutes in detail. It has been held again and again that under our Constitution money raised by taxation can be expended only for uses which are wholly public. Money held by towns, except under some unusual provision, must likewise be affected with a public interest and must be devoted exclusively to public purposes. *Duffy* v. *Treasurer & Receiver General, ante,* 42, and cases there collected. *Allen* v. *Marion,* 11 Allen, 108. It follows that the authority of the trustees under the testator's will, in determining the manner in which the net income shall be applied for the use and benefit of the town, extends to the selection of those objects which are strictly public and therefore charitable.

Decree must be entered sustaining the demurrer and dismissing the bill. This is a strictly adversary proceeding and not a bill for instructions as to the meaning of the will. One set of costs may be allowed against the plaintiffs.

*So ordered.*