CHARLES M. FRAZIER & others *vs.* MERCHANTS NATIONAL BANK, executor and trustee, & another.

Essex.   November 6, 1936. — December 29, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Trust,* Validity, Charitable. *Devise and Legacy,* Validity, Time of vesting, Rule against perpetuities. *Corporation,* Charitable.

A trust for the sole benefit of a public charitable hospital corporation is a public charitable trust.

Under provisions in a will giving about $117,000 to a trustee with directions that the income be allowed to accumulate and be added to principal until the fund should equal $1,000,000, when it should be administered as a permanent trust fund for a public charitable hospital corporation, the interest of the charity was not contingent upon such accumulation, but vested at the death of the testator, and the rule against perpetuities was not violated; nor was the probable period of accumulation so long that the trust was contrary to public policy.

PETITION in equity, filed in the Probate Court for the county of Essex on February 1, 1936, by heirs at law and next of kin of John H. Frazier, late of Swampscott, for construction of his will and other relief.

The petition was heard by *Dow*, J., and a decree was entered from which the petitioners appealed.

*O. C. Boothby*, for the petitioners.

*A. B. Carey*, for the respondents.

QUA, J.   The question presented for decision is whether the trust set up in the will of John H. Frazier, late of Swampscott deceased, for the benefit of the Salem Hospital is invalid, either as violative of the rule against perpetuities or as contrary to public policy.

After providing for two small legacies the will gives the entire remainder of the testator's estate to the respondent bank as trustee with certain directions as to investments and as to carrying on the testator's ship yard for a period of fifteen years, selling it at the expiration of that time and adding the proceeds to the fund, and directs that the income be "permitted to accumulate and be added to principal until such time as the principal and accumulated interest shall amount to the sum of ONE MILLION DOLLARS." Then follows the following paragraph:

"From and after the time that the principal and accumulated interest shall have reached the sum of ONE MILLION (1,000,000.) DOLLARS I direct my Trustee to hold the principal as a permanent trust fund for the benefit of the SALEM HOSPITAL, the income of said fund to be paid to the SALEM HOSPITAL semi-annually, to be used for such purposes as the Trustees of said hospital may deem best."

The petition alleges, and the answers admit that the gross

value of the estate passing under the will "does not exceed $117,000."

The decree of the Probate Court contains a finding that the Salem Hospital is a public charitable corporation, and establishes the trust as a valid charitable trust.

1. Plainly a hospital may be a public charity, *Beverly Hospital* v. *Early*, 292 Mass. 201, and the finding of the Probate Court that the Salem Hospital is such, in the absence of the evidence or of any subsidiary findings, must stand. A trust for the sole benefit of a public charitable corporation is a public charitable trust. *Stratton* v. *Physio-Medical College*, 149 Mass. 505, 508. *Sherman* v. *Congregational Home Missionary Society*, 176 Mass. 349, 353. *Hubbard* v. *Worcester Art Museum*, 194 Mass. 280, 290. *Gill* v. *Attorney General*, 197 Mass. 232.

A public charitable bequest which by its terms must become vested in interest within the permissible period may continue indefinitely thereafter. *Jackson* v. *Phillips*, 14 Allen, 539, 550. *Bates* v. *Bates*, 134 Mass. 110. *St. Paul's Church* v. *Attorney General*, 164 Mass. 188, 203. *Codman* v. *Brigham*, 187 Mass. 309, 313. *Bell* v. *Nesmith*, 217 Mass. 254, 260. There can be little doubt that the testator intended to create at the very outset, at the beginning of the period of accumulation, a trust of the residue in which the entire beneficial interest should at once become vested in the Salem Hospital. No other beneficiary is mentioned anywhere in connection with the trust. The provisions as to running the yacht yard for a limited time and as to accumulation of income until the fund shall amount to $1,000,000 are not in themselves objects or purposes of the trust. They are no more than directions as to the method of managing and increasing a fund dedicated from the beginning solely to the uses of the Salem Hospital. When the will is examined with reference to the object which the testator evidently sought to accomplish, the words "From and after the time that the principal and accumulated interest shall have reached the sum of ONE MILLION (1,000,000.) DOLLARS" are seen to have no significance as indicating the time when the hospital is to

acquire a vested interest. They denote only the beginning of the period of actual enjoyment. The accumulation of $1,000,000 is not a condition precedent to the existence of the charitable trust. The charitable interest exists and is vested from the death of the testator. *Odell* v. *Odell,* 10 Allen, 1, 14. *Codman* v. *Brigham,* 187 Mass. 309. *Bosworth* v. *Stockbridge,* 189 Mass. 266. *Ripley* v. *Brown,* 218 Mass. 33. *Massachusetts Institute of Technology* v. *Attorney General,* 235 Mass. 288, 296. *Hopkins* v. *Grimshaw,* 165 U. S. 342, 355. Gray, Rule Against Perpetuities (3d ed.) § 607. It follows that the trust does not violate the rule against perpetuities. Am. Law Inst. Restatement: Trusts, § 401, comment l.

2. We are not convinced that this trust is contrary to public policy. No doubt there could be a period of accumulation so long with the time of enjoyment so remote that for this reason alone a court should refuse to sanction the plan. Quite apart from the rule against perpetuities there are reasonable limits to a testator's right to impound present day wealth in the hope of being able to project his ideas into the unknown conditions of a distant future. *St. Paul's Church* v. *Attorney General,* 164 Mass. 188, 204. *Collector of Taxes* v. *Oldfield,* 219 Mass. 374, 377. *Oldfield* v. *Attorney General,* 219 Mass. 378. See *Odell* v. *Odell,* 10 Allen, 1, 13. In this instance the period of accumulation will be long. It is conceivable that before a fund of approximately $117,000 can be accumulated to $1,000,000 changes in the social and economic structure will have rendered the scheme impracticable or impossible of accomplishment. But with the experience of the past as a guide it is safer to suppose that opportunities to invest money at interest will continue and that the Salem Hospital or some institution identifiable with it or sufficiently similar to it, serving the same public need in the same locality, will be in existence and capable of utilizing the ultimate benefits of the trust in the interests of the public as intended by the testator. Indeed from the present day viewpoint it would seem not unlikely that the full accumulation might be attained within a time not much longer

than that which appears to have been either expressly or tacitly approved in *Northampton* v. *Smith*, 11 Met. 390, *Hawes Place Congregational Society* v. *Trustees of Hawes Fund*, 5 Cush. 454, *Higginson* v. *Turner*, 171 Mass. 586, *Boston* v. *Doyle*, 184 Mass. 373, *Ripley* v. *Brown*, 218 Mass. 33, *Boston* v. *Curley*, 276 Mass. 549, and *Woodruff* v. *Marsh*, 63 Conn. 125, 137. See also *Appeal of Biddle*, 99 Penn. St. 525; Gray, Rule Against Perpetuities (3d ed.) §§ 679, 679a. Compare *Wharton* v. *Masterman*, [1895] A. C. 186, which seems at variance with our own decisions hereinbefore cited. This is not a case in which the court is called upon to defeat the intent of the testator on grounds of policy.

Costs as between solicitor and client are to be in the discretion of the Probate Court.

*Decree affirmed.*