JOHN E. PEAKES & another, trustees, *vs.* BERTHA E. BLAKELY & others.

Norfolk.    October 7, 1955. — December 1, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Trust,* Validity, Charitable trust. *Devise and Legacy,* Time of vesting. *Rule against Perpetuities. Public Policy.*

A trust established by a will directing the trustees to acquire land and cultivate forests thereon "forever" "for the production of lumber and as bird preserves," and to pay the income of such forests partly to a town or officers thereof for specified municipal purposes and partly to an unincorporated Masonic lodge, constituted a public charitable trust. [284–285]

The interests of a town and a Masonic lodge under a will establishing a trust and directing the trustees, subject to provisions for life beneficiaries, to use the fund to acquire land and cultivate forests thereon and, "when such forests are a source of profit," to pay the income thereof partly to the town or officers thereof and partly to the lodge vested at the death of the testator and were not invalid under the rule against

perpetuities; only the time of enjoyment of the interests of the town and the lodge, not the time of their vesting, was postponed by the clause "when such forests are a source of profit." [285]

Provisions of a will establishing a trust and directing the trustees, subject to benefits given to life beneficiaries, to use the trust fund to acquire land and cultivate forests thereon and, "when such forests are a source of profit," to pay over the income thereof for certain charitable purposes were not contrary to public policy as establishing too long a period of accumulation. [285]

PETITION IN EQUITY, filed in the Probate Court for the county of Norfolk on August 8, 1946.

The case was heard by *Hickey*, J.

*Charles C. Craig*, for the respondents Gertrude P. Blakely and others.

*John E. Peakes*, (*Harold T. Davis & Henry B. Coleman* with him,) for the petitioners.

*Hugh Morton*, Assistant Attorney General, for the Attorney General.

*Daniel G. Rollins*, for the town of Brookline.

*Elliott V. Grabill*, (*Claude L. Allen & Eugene P. Carver, Jr.*, with him,) for Beth-Horon Lodge, Ancient Free and Accepted Masons.

WILKINS, J.   D. Blakely Hoar, late of Brookline, died on March 8, 1923, and his will was allowed by decree of the Probate Court, Norfolk County, on May 16, 1923.   The trustees under his will bring this petition for a binding declaration as to the validity of bequests in paragraphs 15 and 16 in trust to the town of Brookline, or its school committee, or its library trustees, and to Beth-Horon Lodge, Ancient Free and Accepted Masons, an unincorporated particular lodge.   There was entered a decree declaring that the trust under paragraphs 15 and 16 is a valid charitable trust and not in violation of the rule against perpetuities or any rule against accumulation, and that "no part of the principal or income of the trust fund is or will be distributable to the heirs at law as such or the next of kin as such."   Certain respondents, heirs at law of the testator or their representatives, appealed.

The will gave the residue to trustees, and after provisions

in favor of the testator's stepmother (paragraph 9), who died in 1943, directed the payment of annuities to certain individuals (paragraphs 10-14). Then followed the paragraphs in question: "15. To use the residue of the principal of my estate and of said net income including herein the principal and income which shall become a part of said residue after the deaths of the beneficiaries hereunder mentioned in paragraphs nine (9) ten (10) eleven (11) twelve (12) thirteen (13) and fourteen (14) in acquiring land preferably non-agricultural and wooded and preferably on the water shed of Charles River in Massachusetts and in cultivating forests thereon forever. I wish this land to be used for the production of lumber and as bird preserves and that useful birds especially those which eat insects injurious to trees be always protected thereon. 16. When such forests are a source of profit then to pay yearly the net income thereof as follows — five fifteenths (5/15) to the School Committee of said Brookline for the benefit of the Brookline High School; five fifteenths (5/15) to the Trustees of the Brookline Public Library for the benefit of said Library; four fifteenths (4/15) to the Town of Brookline for the purpose of planting and caring for trees and other vegetation along or near the streets in said town; and one fifteenth (1/15) to Beth-Horon Lodge of Free Masons of said Brookline. I wish this trust to be called the John Emery Hoar Foundation."

The evidence is not reported. The judge made a report of the material facts found by him, in which he stated: "This is a handwritten will, and paragraphs fifteen and sixteen establish a single rather than separate trusts. . . . The trust funds are now invested in stocks and bonds . . . and yield an income much more than is required to pay the annuities due the two annuitants now living. The petitioners intend to purchase land for the production of lumber and as bird preserves as soon as their authority to do so is confirmed by this court. The petitioners intend to retain 'sufficient income producing investments of said fund to provide for the carrying on of the trust and the

support of the land to be purchased,' at least until such
time as the said land as aforesaid has adequate net income
to carry itself. The testator dearly loved forests and birds
and wanted the public to benefit from and enjoy them both.
The objectives stated in paragraph fifteen subdivide into
several objectives. He wanted to accomplish these objec-
tives by (1) the cultivating of forests; (2) the destruction
of insects injurious to trees (through the medium of birds
who would be attracted to the forests), and (3) to use the
forests as bird preserves."

A gift to a municipal corporation for municipal purposes
is charitable. *Burbank* v. *Burbank*, 152 Mass. 254, 256.
*Collector of Taxes of Norton* v. *Oldfield*, 219 Mass. 374. *Old-
field* v. *Attorney General*, 219 Mass. 378. *Peirce* v. *Attorney
General*, 234 Mass. 389, 391. Restatement: Trusts, §§ 370,
373. Scott, Trusts, § 373.1. And the judge correctly
ruled that the bequests to the town of Brookline are char-
itable. The judge in substance found that Beth-Horon
Lodge is charitable. The subsidiary findings not only do
not require a reversal of that conclusion but on the con-
trary support it. Detailed discussion is unnecessary. The
judge made these findings: "Beth-Horon Lodge . . . is an
integral part of the Grand Lodge of Massachusetts, a cor-
poration organized under the laws of the Commonwealth
in 1859. The existence and purposes of Free Masons are
constituted, administered and carried out by the said
Grand Lodge through numerous lodges of which Beth-
Horon Lodge is one. . . . The purposes of the Lodge which
are also the purposes of the Grand Lodge, the parent or-
ganization, are the purposes of Free Masonry which are
charitable." *King* v. *Parker*, 9 Cush. 71, 82. *Masonic
Education & Charity Trust* v. *Boston*, 201 Mass. 320. *Rock-
land Trust Co.* v. *Bixby*, 247 Mass. 449, 451. *Old Colony
Trust Co.* v. *Commissioner of Corporations & Taxation*, 331
Mass. 329, 331. Restatement: Trusts, § 369, comment g.
See Gray, Rule against Perpetuities (4th ed.) § 681.

A trust for the sole benefit of charitable corporations is a
public charitable trust. *Frazier* v. *Merchants National Bank*,

296 Mass. 298, 300.  The same rule applies to unincorporated charitable associations.  *King* v. *Parker*, 9 Cush. 71, 82. Restatement: Trusts, § 397, comment g.  Scott, Trusts, § 397.2.

The judge correctly ruled that the interests of the beneficiaries vested as of the date of the testator's death, and that the use of the word "when" in the clause "when such forests are a source of profit then to pay yearly the net income thereof as follows" indicates an intent to postpone only the time of the enjoyment of the interests and not the time of vesting.  Restatement: Trusts, § 401, comment k.  "A public charitable bequest which by its terms must become vested in interest within the permissible period may continue indefinitely thereafter."  *Frazier* v. *Merchants National Bank*, 296 Mass. 298, 300.  The trust is not contrary to public policy as providing for accumulation for too long a period.  The *Frazier* case is not an authority that it is.

We have said enough to dispose of the contention that a valid charitable trust has not been created.  But if more is needed, we are of opinion that the purpose to cultivate forests is in itself charitable.  *Rotch* v. *Emerson*, 105 Mass. 431.  *Bartlett, petitioner*, 163 Mass. 509, 514, 516.  *Minns* v. *Billings*, 183 Mass. 126.  *Molly Varnum Chapter, D. A. R.* v. *Lowell*, 204 Mass. 487, 494.  *Richardson* v. *Essex Institute*, 208 Mass. 311, 318.  Restatement: Trusts, § 374.  See G. L. (Ter. Ed.) c. 132, § 40, inserted by St. 1943, c. 539.  We are unimpressed by the argument that the trust is fatally defective in that "the potential income is inevitably and perpetually tied to a particular enterprise to which the trustees are solely restricted and which at the same time represents an independent purpose of the testator."

Costs as between solicitor and client are to be in the discretion of the Probate Court.

*Decree affirmed.*